## Busó et al. *v.* Martínez.

Apelación procedente de la Corte de Distrito de Humacao.

No. 810.—Resuelto en diciembre 20, 1912.

Acciones Ex-Delictu—Exceso de Cabida de una Finca Vendida—Daños y Perjuicios.—Cuando se vende una finca de 15 cuerdas bajo colindancias y por precio alzado, y el comprador, al tomar posesión de la finca se encuentra con que tiene 125 cuerdas e instruye un expediente de dominio para inscribir dicho exceso a su favor, la acción derivada de tales actos es una acción *ex-delictu*, pues dichos actos del comprador no constituyen una infracción del contrato de venta, sino que son actos independientes que nada tienen que ver con el contrato de venta.

Id.—Obligaciones Nacidas de Culpa o Negligencia.—Examinada la demanda presentada en el caso de autos a la luz de los principios aplicables al caso, es indudable que los perjuicios reclamados en la misma se derivan de la culpa o negligencia previsto en el artículo 1803 del Código Civil.

Id.—Prescripción, Culpa o Negligencia.—Siendo la acción ejercitada en el presente caso una derivada de culpa o negligencia, su prescripción debe de regirse por el artículo 1869 del Código Civil que determina el período de un año para el ejercicio de la misma.

Id.—Falta de Causa de Acción.—Se resolvió en el caso de autos que en el supuesto de que el demandado no sea dueño del exceso de la finca que compró y que es base de este pleito, la demanda presentada en este caso no aduce causa de acción, porque la acción ejercitada no es la reivindicatoria, y el tribunal sentenciador en una acción de daños y perjuicios como la que se ejercita en este caso, no puede hacer declaraciones de propiedad ni resolver cuestiones de rentas, productos o frutos que son consecuencia del dominio.

Id.—Prescripción—Cuando Empieza a Correr el Término.—*Se resolvió* en el caso de autos que la prescripción de la acción no comenzó a correr desde la aprobación del expediente de dominio, sino desde la fecha en que se otorgó la escritura de venta de la finca en litigio, o al menos desde que el demandado tomó posesión de la misma, resultando por tanto que la acción ejercitada está prescrita.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Hugh R. Francis.*

Abogado del apelado: *Sr. Manuel Tous Soto.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

La vista de esta apelación se señaló en este tribunal para el martes, día 8 de octubre de 1912, en cuyo día tuvo lugar. Ambas partes estuvieron representadas por sus respectivos abogados, y el caso fué argumentado y sometido a la con-

sideración del tribunal. Como los hechos son algo parecidos a los del caso anterior, número 809, *Busó et al.* v. *Busó et al.*, originado entre las mismas partes, se ha aplazado la resolución de este caso mientras se resuelve el anterior.

La corte inferior dictó sentencia fundada en una excepción previa que fué declarada con lugar y que se interpuso por el fundamento de que la acción está prescrita. Alegan los apelante que la acción no está prescrita porque la demanda se fundó en un contrato y no en culpa o negligencia. El apelado opina de otro modo. Los distintos artículos del Código Civil que son de aplicación al caso han sido citados por ambas partes (Código Civil, Título XVIII, Capítulo III).

Aparece, según los autos, que el demandante presentó su demanda el día 18 de febrero de 1911, la que fué excepcionada en 5 de abril del mismo año, por el fundamento de que no se alegaban en dicha demanda hechos suficientes para constituir una causa de acción, apareciendo de su faz que la causa de acción había prescrito de acuerdo con el artículo 1869 del Código Civil, que fija el término de un año para la prescripción. Se alega en la demanda que en 19 de abril de 1902, Francisco Busó Cabrera, padre de los demandantes, vendió al demandado una finca compuesta de quince cuerdas de terreno perteneciente a los bienes gananciales de la difunta madre y al padre de los demandantes; pero que la parcela traspasada era en realidad de mucho mayor cabida, debido a un error que se cometió al fijar las colindancias; y que el demandado Martínez, después de entrar en posesión procedió a tramitar un expediente de dominio de la parcela mayor, perjudicando de este modo a los demandantes, privándoles de sus derechos y cobrando las rentas de las mismas.

La fecha en que se aprobó el expediente parece haber sido en 19 de abril de 1904, o sea precisamente dos años después de la venta, habiendo fallecido en el ínterin la madre de los demandantes sin que ni los demandantes ni el padre de los mismos, Francisco Busó Cabrera, según se ha demostrado, hubiera ejecutado acto alguno en contra del demandado

y sin que hubieran vuelto los mismos a reclamar de nuevo la supuesta diferencia en la cabida de las dos parcelas de terreno hasta la fecha en que se presentó la demanda, 18 de febrero de 1911. Y resulta, además, que puesto que nada se alega en la demanda con relación a este particular, la corte, sobre las excepciones, resolvió que la acción establecida había prescrito, y desestimó la demanda, con las costas a favor del demandado.

Contra esta sentencia, que fué dictada el día primero de noviembre de 1911, se interpuso apelación para ante este tribunal, habiéndose presentado una transcripción de los autos el día 17 de febrero último. Puesto que ambas partes han presentado alegatos y comparecieron durante la vista e hicieron informes orales en este caso, se verá, mediante un examen que se haga de los mismos, así como de los hechos que han sido alegados y la ley aplicable a los mismos, cuál de las partes está en lo cierto.

La diferencia que existe entre las acciones fundadas en contratos y aquellas que surgen de la culpa (*tort*) ha sido bien definida e interpretada. Un perjuicio (*tort*) consiste en la violación de un derecho que se concede o en la omisión de un deber impuesto por la ley. El incumplimiento de un contrato consiste en hacer caso omiso de un derecho que se ha concedido o de una obligación en que se incurre mediante un convenio celebrado entre las partes. (38 Cyc., 426, y casos citados en la nota 29.)

En el presente caso, según se alega en la demanda, el demandado compró al padre de los demandantes quince cuerdas de terreno pertenecientes a los bienes gananciales, pero, en vez de estar satisfecho con esa cantidad, tomó posesión de ciento veinticinco cuerdas y procedió a establecer un título de dominio sobre la finca de mayor cabida. Esto no constituyó una violación del contrato de venta o de la escritura de traspaso, sino un acto realizado completamente independiente del mismo. Alegan los apelantes que el apelado prescindió del contrato tácito con ellos o su padre, para re-

clamar solamente quince cuerdas, al tomar posesión de la finca de mayor cabida. En cuanto a este particular, conviene expresar que existe un contrato tácito entre todos los habitantes de una sociedad civilizada para reclamar únicamente aquella propiedad que justamente les pertenece, y esto era obligatorio para el demandado, aun cuando jamás hubiera existido la venta de quince cuerdas o de cualquiera cantidad de terreno. Por tanto, el derecho infringido no surge de los convenios de las partes, ni la obligación que el demandado tenía con el demandante dependía de ningún convenio hecho por ellos o a favor de los mismos. El derecho u obligación envuelto en este caso se originó independientemente del consentimiento de las partes a dicho contrato y no por el hecho de tal consentimiento o de conformidad con el mismo; por tanto, la acción adecuada que surge del mismo es uno que proviene de la culpa (*tort*) y no de un contrato. En el caso de que se hubiere omitido en la demanda hacer referencia alguna a la escritura por virtud de la cual se vendieron las quince cuerdas, el fundamento de la obligación, si alguna hubiera, quedaría intacto, y esa es la manera correcta de probar la diferencia que existe entre las dos clases de casos. (*Whittaker* v. *Collins*, 34 Minn., 299; 25 N. W. Rep., 632; 57 Am. Rep., 55; 38 Cyc., 426 y 427, y casos allí citados.)

Se ve claramente de un examen que se haga de la demanda que según los principios de ley aplicables a la misma, los daños y perjuicios reclamados se originaron por la culpa (*tort*) a que se refiere el artículo 1803 del Código Civil. Como se alega que el demandado ha causado con sus actos daño a los demandantes, por lo que aparece ser culpable del mismo, está obligado dicho demandado con arreglo a dicho estatuto a reparar el daño así causado, mediante el pago de una suma de dinero como compensación de dicho daño. Circunscribiendo los hechos alegados a esta última consideración que hemos hecho, la cuestión queda reducida a si el demandado es o nó el dueño de la finca reclamada de ciento veinticinco cuerdas de terreno. Si lo es, no puede sostenerse una

acción para al pago de las rentas, y si no lo es, no se origina ninguna acción a favor de los demandantes por no haber establecido éstos una acción reivindicatoria; y no puede la corte en este caso, que es uno por daños y perjuicios solamente, hacer pronunciamiento alguno con referencia a la propiedad, ni puede resolver la cuestión referentes a las costas y ganancias, o frutos y productos propiamente considerados que surgen como consecuencia del título del terreno. Pero la presente acción, según la relación de hechos contenidas en la demanda, es puramente una que se funda en la culpa (*tort*) y no en un contrato que surge *ex delictu* y no *ex contractu;* y por consiguiente está comprendida, en lo que se refiere a la prescripción, en las disposiciones contenidas en el artículo 1869 del Código Civil, que limita a un año el término de prescripción para esas acciones. Esto resulta claro, puesto que los dieciséis mil dollars reclamados por los demandantes por daños y perjuicios sufridos es una compensación por la detentación de la propiedad, o sea debido al acto ilegal que se dice fué ejecutado por el demandado en violación de sus derechos.

Pero no puede alegarse que la fecha en que empezó a correr la prescripción en este caso fué aquella en que se aprobó el expediente de dominio, puesto que los derechos de los demandantes, cualesquiera que éstos sean, no comenzaron a existir a partir de esa fecha, sino desde la muerte de la madre, de quién alegan que heredaron la propiedad. El expediente de dominio que trata de establecer el demandado no tiene relación alguna con esta causa. Si había alguna detentación por parte del demandado de la finca de los demandantes, por la posesión ilegal de la misma, ese acto ilegal empezó el mismo día en que la escritura de venta fué entregada al demandado, o sea en 19 de abril de 1902, según se alega en la demanda, o por lo menos, el día en que el demandado tomó posesión de la finca, lo que ocurrió durante la vida de la madre de los demandantes, que era entonces mayor de edad y contra quien empezó a correr la prescripción.

Por tanto, no solamente un año, sino más de diez habían trans-
currido desde la fecha en que empezó a correr la prescrip-
ción, antes de que esta acción fuera establecida, la que evi-
dentemente había prescrito con arreglo al estatuto aplicable
a la misma.

Por tanto, debemos confirmar la sentencia dictada por
la Corte de Distrito de Humacao, que desestima la demanda,
por haber prescrito la acción de acuerdo con el artículo 1869
del Código Civil. Así, pues, no es necesario tomar en con-
sideración el hecho relativo a si las alegaciones de los deman-
dantes son o nó suficientes en cuanto a los demás particulares
para constituir una causa de acción.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey
firmaron estar conformes con la sentencia por las razones
emitidas en su opinión concurrente.

OPINIÓN CONCURRENTE DE LOS SEÑORES JUECES PRESIDENTE HER-
NÁNDEZ Y ASOCIADO ALDREY.

El demandante Francisco Busó Pérez, por sí y represen-
tando a varios hermanos menores de edad, presentó demanda
en la Corte de Distrito de Humacao contra Gil Martínez Acha-
landavazo en reclamación de daños y perjuicios que fundó,
en que habiendo comprado su padre Francisco Busó Cabrera
una finca a Francisco Busó Baster compuesta de dos par-
celas, una de ellas de quince cuerdas, luego vendió ésta en
19 de abril de 1902 al otro demandado, habiendo resultado
luego que en vez de comprender quince cuerdas como expre-
saban los títulos, contenía ciento veinticinco, por cuya dife-
rencia de ciento diez, el demandado Martínez Achalandavazo
instruyó un expediente de dominio que inscribió en el registro
de la propiedad, siendo la cantidad reclamada como indem-
nización correspondiente al perjuicio sufrido por los deman-

dantes por el exceso de las quince cuerdas que se ha apropiado el demandado Martínez Achalandavazo.

Habiendo opuesto éste excepción a la demanda, fundada en que no aducía hechos bastantes para determinar una causa de acción y, además, en que la acción que se ejercita está prescrita, el juez de la corte inferior dictó sentencia en 1º. de noviembre de 1911 en la que por el último fundamento sostuvo la excepción y declaró sin lugar la demanda, contra cuyo fallo interpusieron los demandantes el presente recurso de apelación.

Según aparece de la demanda, Francisco Busó Cabrera, padre de los demandantes, compró en 1893 a su padre Francisco Busó Baster la finca "Las Puentes" compuesta de dos parcelas, describiendo por colindancias la de quince cuerdas a que se refiere este litigio, lo mismo que la otra parcela, objeto del contrato, colindancias que discrepaban en algo con las que constaban en el registro de la propiedad, no la mensuró ni se enteró de si su cabida era exacta en más o menos, pues siguió administrándola el Señor Busó Baster y cuando, en el año 1902, Busó Cabrera segregó la parcela de quince cuerdas y la vendió al demandado Martínez Achalandavazo, lo hizo por el precio alzado de 2,600 pesos y con el mismo error de colindancias con que había comprado.

Ya hemos dicho en 18 de noviembre último, resolviendo otro caso en que los propios demandantes pedían la nulidad de la expresada venta a Martínez Achalandavazo, *Busó et al.* v. *Busó et al.*, entre otras razones por el error en la cabida de la finca, que, de acuerdo con el artículo 1374 del Código Civil vigente, concordante con el 1471 del antiguo, cuando la venta de un inmueble se hace por precio alzado, como ha ocurrido en el presente caso, y no a razón de un tanto por unidad de medida o número, no tiene el vendedor derecho al aumento que luego resulte en la finca.

Por consiguiente, habiendo vendido el padre de los demandantes por un precio alzado, no tienen éstos derecho al exceso que luego resulte en la cabida, porque la ley la da al

comprador y por ello no tiene acción por perjuicios por tal exceso; siendo esto así, se hace ocioso discutir la excepción de prescripción alegada.

En vista de esto, la demanda no aduce hechos determinantes de una acción, por cuyo motivo tal excepción del demandado debe ser sostenida y desestimada la demanda.