ELISA RUIZ Y MERLO, y MARÍA LUISA, HERMINIA, ROSAURA,
MARÍA AURORA y ELISA MARÍA RODRÍGUEZ Y RUIZ, deman-
dantes y apelantes, *v.* LA SOCIEDAD AGRÍCOLA de MARIO
MERCADO E HIJOS, demandada y apelada.

No. 4504.—*Visto:* Junio 27, 1928. *Resuelto:* Julio 18, 1928.

*López de Tord & Zayas Pizarro,* abogados de las apelantes; *Tous
Soto & Zapater,* abogados de la apelada.

E<small>L</small> J<small>UEZ</small> P<small>RESIDENTE</small> S<small>EÑOR</small> <small>DEL</small> T<small>ORO</small>, emitió la opinión del tribunal.

Doña Elisa Ruiz y Merlo y sus hijas María Luisa, Herminia, Rosaura, Elisa María y María Aurora Rodríguez y Ruiz demandaron en la Corte de Distrito de Ponce a la Sociedad Agrícola Mario Mercado e Hijos reclamando el cumplimiento de cierto contrato y el pago de cierta cantidad como frutos y rentas de las dos fincas a que se refería el contrato.

Alegaron, en resumen, que el 16 de abril de 1920, por escritura pública, vendieron a la demandada determinada finca rústica sita en el término municipal de Guayanilla; que una de las condiciones del contrato hecha constar en la escritura fué la de que la demandada procedería inmediatamente a segregar de la finca que adquiría dos lotes, uno de media cuerda conteniendo una casa de vivienda y varias otras edificaciones y otro de cincuenta cuerdas "que era aquella parte de la finca vendida que quedaba a la orilla izquierda de la carretera que de Ponce conduce a Yauco, quedando el resto de la finca a la parte derecha de dicha carretera; siendo entendido que dichas dos porciones de terreno serían entregadas a las demandantes por la sociedad demandada como parte y consideración del contrato de compraventa que antes se ha relacionado y sin que tuvieran que pagar precio alguno;" que las demandantes han requerido a la demandada a que procediera inmediatamente a la segregación y si bien la demandada ha practicado por su cuenta la medición, se ha negado y se sigue negando a otorgar la escritura de segregación traslativa del título á los demandantes, negándose también a pagar canon o merced por la posesión indebida en que se encuentra; que la demandada ha percibido la totalidad de los frutos y rentas producidos por los lotes en cuestión desde abril de 1920, que se calculan en unos quinientos dólares anuales.

La demandada formuló excepciones previas alegando que

la demanda no exponía hechos suficientes; que se habían acumulado indebidamente dos acciones, una sobre cumplimiento de contrato y otra *ex-delicto*, y que la acción por daños y perjuicios estaba prescrita de acuerdo con el artículo 1869, No. 2, del Código Civil. Presentó además una moción para que se expusieran separadamente las dos causas de acción.

La corte de distrito en una sola resolución dijo que procedía exponer separadamente las dos causas de acción, y que procedía además declarar con lugar la excepción de indebida acumulación porque una acción era *ex-contractu* y otra *ex-delicto*, citando los casos de *Buxó et al.* v. *Martínez*, 18 D.P.R. 1035, y *Porto Rico* v. *Emmanuel*, 235 U. S. 251, y declarar de igual modo con lugar la excepción de prescripción. Nada expresó en relación con la excepción general de falta de hechos.

Pidieron reconsideración las demandantes, se opuso la demandada y la corte declaró sin lugar la reconsideración concediendo a las demandantes diez días para enmendar su demanda. Dentro del término concedido se archivó la demanda enmendada. Es la misma esencialmente. Sólo varía en que expone separadamente las dos causas de acción.

La demandada excepcionó la demanda enmendada, así:

"En cuanto a la demanda en totalidad:

"1.—Indebida acumulación de acciones.

"Que han sido indebidamente acumuladas dos causas de acción: una (primera causa de acción) originada en contrato, o sea otorgamiento de escritura de segregación y traspaso de dominio, sin precio. Otra (segunda causa de acción) ex delictu o fundada en tort, daños y perjuicios, montantes a la renta de los bienes retenidos originada por la percepción ilegal de las rentas producidas por las dos parcelas de terreno que la sociedad debió trasmitir y no trasmitió a las demandantes.

"En cuanto a la segunda causa de acción.

"2.—Falta de hechos para constituirla, porque no aparece el fundamento de la acción, esto es, porqué la sociedad no podía percibir los frutos de las dos parcelas. Porqué la actora tiene derecho a percibir dichos frutos.

"3.—Falta de causa de acción por haber prescrito la acción de acuerdo con el artículo 1869, número 2 del Código Civil, por tra-

tarse de una acción de daños y perjuicios, por percepción ilegal de frutos, originada en la supuesta culpa o negligencia de la demandada de haberse apropiado ilegalmente dichos frutos que se suponen pertenecientes a la actora.''

La corte declaró otra vez con lugar las excepciones de indebida acumulación y falta de hechos por prescripción. Parece conveniente transcribir su razonamiento en cuanto a la indebida acumulación. Es así:

''Se han separado las causas de acción, pero de las alegaciones contenidas en cada una de ellas no puede la corte llegar a otra conclusión que no sea la de que dichas causas no son acumulables en este pleito, pues la primera es ex contractu y la segunda ex delicto, según ya dijimos en la resolución anterior. De acuerdo con el contrato la obligación de la demandada era segregar y otorgar escritura de ciertas parcelas a favor de las demandantes, sin mediar precio, pues esa era una de las condiciones del contrato. De éste no se desprende, según las alegaciones de la demanda, de que existiera la obligación de entregar frutos, sino que éstos se reclaman y exigen debido a la detentación que de las parcelas ha hecho la demandada. Es una acción que no se deriva del contrato, sino de culpa y que nace del hecho ilegal de haberse apropiado la demandada los frutos.''

En este estado el procedimiento se presentó una estipulación por las partes por virtud de la cual ambas consignaron que la verdadera controversia entre ellas se refería a la segunda causa de acción ya que la demandada estaba conforme en que procedía la primera.

La corte dictó sentencia condenando al demandado a otorgar la escritura de segregación en la forma establecida en el contrato y declarando prescrita la segunda causa de acción. Y contra esa sentencia interpusieron las demandantes el presente recurso de apelación.

En su alegato sostienen que la corte erró al resolver que se habían acumulado indebidamente dos acciones y al declarar prescrita la reclamación de frutos y rentas. La parte demandada no formuló alegato ni compareció al acto de la vista, pero a fin de dar color a su teoría hemos transcrito

sus excepciones y lo esencial del razonamiento de la corte inferior.

A nuestro juicio las acciones ejercitadas son perfectamente acumulables de acuerdo con lo prescrito en el artículo 104, Nos. 1 o 2, a saber:

"Art. 104.—El demandante podrá acumular varias acciones en una misma demanda, cuando todas se derivan de:

"1. Contratos, expresos o tácitos.

"2. Reclamaciones para recobrar determinada propiedad inmueble con o sin resarcimiento de perjuicios por retención de la misma, o por daños causados en ella y por sus rentas y utilidades."

       &#42;       &#42;       &#42;       &#42;       &#42;       &#42;       &#42;

■■ Por virtud del contrato celebrado las partes demandantes tenían derecho a que la demandada segregara inmediatamente las dos porciones de terreno de que se trata y se las entregara otorgando la correspondiente escritura. La demandada no cumplió. Siguió en la posesión de los lotes y disfrutó de sus productos y rentas. Su obligación es entregar los lotes con las rentas y productos percibidos a partir de la celebración del contrato que reconoció el derecho de propiedad en las demandantes.

Citaremos al propio comentarista Scaévola que es el que invoca la corte sentenciadora. Glosando el artículo 1095 del Código Civil antiguo, igual al 1062 del revisado, en parte, dice:

"El derecho del acreedor a los frutos de la cosa, desde que nace la obligación de entregarla, es nuevo en el código. La regla de derecho establecida en la legislación antigua no concede los frutos sino desde la mora del deudor. Pero ésta es una consecuencia natural del derecho de dominio nacido del consentimiento de los contratantes o de la disposición de la ley, en que se funda la obligación de entregar; y el Código, si no lógico en sus palabras, lo es en su pensamiento. El acreedor es el propietario; el deudor disfruta de la mera tenencia; corresponden, pues, a aquél todos los productos y accesorios de la cosa, como, según veremos en seguida, le afectan las pérdidas y menoscabos naturales. La disposición es análoga a la del art. 1,468, según el cual todos los frutos corresponden al comprador desde el día en que se perfecciona el contrato, y a la del

art. 1,770, a cuyo tenor las cosas que se retienen en depósito han de ser devueltas con todos sus frutos, productos y accesorios.'' 19 Comentarios al Código Civil. Q. Mucius Scáevola, 408.

Ese derecho a reclamar los frutos y las rentas surge del contrato mismo, es parte del derecho dominical que en el contrato se reconoce. La acción para reclamarlo es, pues, *ex-contractu*, a menos que concurrieran circunstancias especiales que cambiaran su naturaleza, como sucedió en el caso de *Busó* v. *Martínez*, 18 D.P.R. 1035 citado por la corte sentenciadora.

En ese caso la opinión de esta corte no fué unánime. El Juez Asociado Sr. McLeary emitió la de la mayoría. Parte del resumen dice:

''Cuando se vende una finca de 15 cuerdas bajo colindancias y por precio alzado, y el comprador, al tomar posesión de la finca se encuentra con que tiene 125 cuerdas e instruye un expediente de dominio para inscribir dicho exceso a su favor, la acción derivada de tales actos es una acción *ex-delictu*, pues dichos actos del comprador no constituyen una infracción del contrato de venta, sino que son actos independientes que nada tienen que ver con el contrato de venta.

''Examinada la demanda presentada en el caso de autos a la luz de los principios aplicables al caso, es indudable que los perjuicios reclamados en la misma se derivan de la culpa o negligencia previsto en el artículo 1803 del Código Civil.''

En el caso de *Porto Rico* v. *Emmanuel*, 235 U. S. 251 la reclamación de daños y perjuicios se basó en que el Pueblo de Puerto Rico, por medio de su agente el Tesorero de la isla, había ordenando indebidamente la inscripción a su favor de ciertas tierras pertenecientes al demandante. Se reconoció que el Pueblo no había percibido frutos ni rentas. Y la corte dijo que en caso de existir la acción, surgiría a virtud de los artículos 1803 y 1804 del Código Civil, esto es, por culpa o negligencia, y la declaró prescrita por el transcurso de un año.

Se trataba, pues, en ambos casos, de situaciones distintas.

En ellos se concluyó que la acción surgía del artículo 1803. Aquí surge de los artículos 361, 365 y 1062 del Código Civil que establecen:

"Art. 361. Pertenecen al propietario:

"1. Los frutos naturales.

"2. Los frutos industriales.

"3. Los frutos civiles.

"Art. 365. Los frutos de la cosa no pertenecen al simple poseedor y deben ser devueltos juntamente con la cosa al propietario de la misma que la reclama, a menos que la posesión hubiese sido tenida de buena fe.

"Art. 1062. El acreedor tiene derecho a los frutos de la cosa desde que nace la obligación de entregarla. Sin embargo, no adquirirá derecho real sobre ella hasta que le haya sido entregada."

Siendo ello así, no sólo era perfectamente acumulable la segunda causa de acción a la primera, si que también es necesario concluir que el estatuto de prescripción que se aplicó—artículo 1869, No. 2, que fija el término para el ejercicio de la acción en un año—, lo fué erróneamente.

Parece conveniente transcribir lo que sigue de dos decisiones judiciales basadas en preceptos de ley similares a los que rigen en Puerto Rico, una de la Corte Suprema de los Estados Unidos, en un caso procedente de Louisiana, y otra de la Corte Suprema del estado de Louisiana.

La primera dice:

"Resta por considerar la cuestión relativa a la prescripción. Se alega como error el no haberse declarado que el caso había prescrito, cuestión que se suscitó en oposición a la reclamación de todas las rentas y utilidades que se habían acumulado durante más de tres años con anterioridad a la fecha en que se entabló la acción. El Código Civil enumera como una de las causas de acción que están sujetas a prescribir a los tres años 'las acciones por el retraso en el pago de arrendamiento, anualidades y pensiones alimenticias, ó del alquiler de muebles o inmuebles.' (Artículo 3503.) 'En general, todas las acciones personales excepto las arriba enumeradas, prescriben a los diez años, si estuviere presente el acreedor, y a los veinte años, si estuviere ausente.' (Artículo 3508).

"Estos artículos no gobiernan el presente caso. Ellos se refie-

ren a acciones que la parte tenía el derecho legal de entablar. No son aplicables a derechos como el presente, que resultan de la determinación de otra acción. Hasta tanto se resolviera el pleito principal, no había aquí ninguna causa de acción para recobrar las utilidades no percibidas por el dueño (*mesne profits*). No podía sostenerse una acción especial para recobrarlas hasta que se determinara judicialmente el título de la propiedad. Este caso más bien se rige por el capítulo que trata 'Del derecho de accesión respecto al producto de los bienes:'

" 'Las producciones de la tierra, ya sean espontáneas o industriales, pertenecen al propietario por accesión.'

" 'Los frutos de la cosa pertenecen al dueño de la misma, aun cuando hayan sido producidos mediante la industria y el trabajo de una tercera persona o por semillas regadas por ella, previo reembolso por el dueño de los gastos en que esa tercera persona haya incurrido.'

" 'Los frutos de la cosa no pertenecen al simple poseedor, y deben ser devueltos juntamente con la cosa al propietario que la reclama, a menos que la posesión hubiese sido tenida de buena fe.'

"Estrictamente hablando, no sólo no había causa de acción, sino que tampoco había derecho a las rentas no percibidas por el dueño hasta tanto se dictara sentencia en el pleito original.

"No se nos ha llamado la atención hacia ningún artículo del código que limite a tres años la reclamación de las utilidades. Por el contrario, las reglas del derecho civil y los principios generales de la jurisprudencia de equidad sostienen que no existe tal límite. Se observará que esta cuestión no envuelve la concesión de mejoras. Ese punto ha sido resuelto ya, y la demandada ha sido indemnizada por las mejoras y construcciones hechas por ella durante ese término. Ahora estamos tratando de determinar si la recuperación de las rentas y ganancias que se ha ordenado sean pagadas ha de limitarse en la forma que el demandado exige.

"Justiniano expone la regla así:

" 'Si un hombre comprare, o adquiriere por algún otro medio lícito, terrenos de otra persona a quien él considerare como el verdadero dueño, cuando en realidad no lo era, es naturalmente razonable que los frutos que hubiere cosechado debido a su cuido y cultivo, le pertenezcan; y, por tanto, si después apareciere el verdadero dueño a reclamar sus tierras, no puede ejercer acción alguna contra el poseedor *bona fide* por los frutos consumidos. Pero esta exención no se le concede a aquel que a sabiendas tiene la posesión de la propiedad de otro, y, por tanto, está obligado a satisfacer to-

das las utilidades no percibidas por el dueño, además de entregar las tierras.'

"Peere Williams sienta la regla en equidad, así:

" 'Cuando una persona está en posesión de tierras pertenecientes a un menor, y éste, al llegar a su mayoridad, justifica su título, él puede recobrar en equidad los beneficios producidos por la finca desde la fecha en que surgió su título, y no desde la radicación del pleito solamente. Así, el demandado debe hacer una liquidación de las ganancias desde la fecha en que nació el título del demandante, y no desde la radicación del pleito solamente, cuando el demandado ha ocultado las escrituras y documentos que justifican el título del demandante.'

"En el caso de *Dormer* vs. *Fortescue*, Lord Hardwicke dice:

" 'Hay varios casos en que la corte decreta la liquidación de las rentas y ganancias desde la fecha en que surgió el título, como por ejemplo, cuando hay un fideicomiso y un título en equidad meramente, o cuando una viuda sólo reclama su derecho de viudedad (*dower*), pero necesita la ayuda de las cortes de equidad para determinar las tierras, caso en el cual la corte le concederá las ganancias no sólo desde la fecha de la radicación de la demanda, sino desde el tiempo en que nació su título.'

"En el caso que estuvo ante él, decretó la liquidación, fundado en estos principios, por un término de quince años.

"La presente acción fué iniciada por la Sra. Gaines hace cerca de diecisiete años. Era una reclamación en equidad solicitando la determinación de las tierras, la liquidación de las rentas y utilidades, y cualquier remedio adecuado. Después de muchas tribulaciones, ella ha logrado que se decrete la liquidación, y el demandado ha apelado de este extremo. Creemos que no ha prescrito el derecho a reclamar las rentas y ganancias, y que su concesión fué hecha propiamente." *New Orleans* v. *Gaines,* 82 U. S. 624.

Y la segunda expresa:

"Como un poseedor de mala fe, Morefield es responsable de los productos y rentas de la finca desde la fecha en que la poseyó por compra; y el derecho del verdadero dueño en una acción para reclamar y recobrar las rentas, no puede estar sujeto a la prescripción de uno o tres años alegada en apelación por el demandado.

"La prescripción de tres años que él invoca, es aplicable a acciones basadas en contratos de arrendamiento o locación, pero no lo es a la obligación impuesta por la ley al poseedor de mala fe de reinstalar al dueño legítimo todos los productos de la finca de que fué

privado durante la posesión del demandado, ya sea la mala fe de éste de carácter moral, o meramente legal o implícito.

"Este principio ha sido reconocido, reafirmado y consagrado por una línea ininterrumpida de decisiones, desde los más remotos tiempos de nuestra jurisprudencia hasta el presente. Donaldson vs. Hull, 7 N. S. 112; Williams vs. Booker, 12 R. 256; Rhodes vs. Hooper, 6 An. 356; Lowry, Curator, vs. Erwin, 6 R. 211 (39 Am. Dec. 556); Hill vs. Bowden, 35 An. 258; Walworth vs. Stevenson, 24 An. 253." Walling Heirs vs. Morefield, 40 La. 801.

La sentencia apelada *debe revocarse en cuanto declaró sin lugar* la segunda causa de acción y el pleito devolverse a la corte de distrito de su origen para ulteriores procedimientos no inconsistentes con, esta opinión.