### WILLIAMS et al. v. SMITH.

### No. 10920.

Court of Civil Appeals of Texas. Galveston.

Jan. 25, 1940.

Rehearing Denied Feb. 29, 1940.

S. A. McCall, of Conroe and Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellants.

Fowler & Conn, of Houston, for appellee.

CODY, Justice.

This is a county court case brought by appellee against appellants on the alleged promise of appellant Byron Williams to pay for the repairs to appellee's automobile, which it is alleged was caused by the negligence of the said Williams. It was tried without a jury, and from a judgment in appellee's favor, appellants appeal.

The undisputed facts in the case are: That appellee delivered his automobile to appellants, Byron Williams and wife, who ran a garage in Houston, under the name of Auto Service Company, for them to make certain repairs to it. While appellants had the automobile, appellant Byron Williams lost control of it while driving, and the car crashed into a telephone pole and was damaged.

■ Appellants contended that they refused to repair the automobile, and claimed that there was a mechanical defect in said automobile which caused Byron Williams to lose control of it. Appellants insist that the cause should have been tried on the theory of bailment. Appellee contended and as the court rendered judgment in his favor upon conflicting but sufficient evidence, it must be taken as true: that appellant Byron Williams admitted that the injury to the automobile was due to his fault, and stated that his shop was not equipped to make major repairs to automobiles, but stated he would be willing to pay such repairs and when informed that A. C. Burton & Co. would make the repairs for $385, and the costs of storage and towage would be $10, he told appellee's agent to go ahead and have the repairs made and he would pay for them, and that he, appellee, agreed to this, and the repairs were so made.

■ We have carefully examined appellee's petition, and find that it sufficiently alleges a special contract on the part of appellants to pay the cost of damages caused appellee by the injury to his automobile in the sum of $395. Appellants contend, so it seems to us, that there could be no valid contract in law such as that which appellee contends to be a contract. This contention, as we understand it, is based on the theory that if appellants were liable for the damages to appellee's automobile, then they were under the legal obligation to have such automobile repaired, and being under such legal obligation, their promise to have done what they were already bound to have done, could not constitute a consideration, and therefore such promise was a nudum pactum.

The vice in appellants' argument is that they admitted liability and agreed to pay

122

for having A. C. Burton & Co. make the repairs, and even approved the cost of such repairs, and appellee acted upon and accepted such offer. This was a valid contract. New York & Texas Steamship Company v. Island City Boating & Athletic Association, 2 Tex.Civ.App., 21 S.W. 1007.

Appellants also urge that errors occurred in the garnishment proceedings. We have examined such complaint and believe it is without merit.

Affirmed.