HORACE M. GRINDELL, demandante y apelado, *v.* CITIES DELIVERY EXPRESS, INC., demandada y apelante.

Núm. 8631.—*Sometido:* Mayo 18, 1943. *Resuelto:* Mayo 25, 1943.

*R. Hernández Matos*, abogado de la apelante; *José R. Seda*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 13 de mayo de 1940, a las 8 P. M. aproximadamente, Horace Grindell conducía su automóvil por la carretera de Santurce a Bayamón. Cuando se acercaba a la Destilería Brugal, poco después de haber doblado una curva, su automóvil chocó con un camión propiedad de la demandada, que estaba estacionado a la derecha de la carretera y que no tenía luz de aviso alguna. Como resultado del choque, el automóvil de Grindell sufrió desperfectos.

Grindell radicó demanda en la corte municipal por la cantidad de $408, alegando que la corporación demandada había convenido en pagar los gastos de reparación de su automóvil, pero que no lo había hecho. La corporación demandada no compareció ante la corte municipal, la cual dictó sentencia a favor del demandante. La demandada apeló para ante la corte de distrito, que resolvió que la demandada había contraído el convenio alegado, y concedió a Grindell la suma estipulada ascendente a $408. La demandada ha apelado de la sentencia de la corte de distrito.

Tanto Grindell como Luis E. Dubón, secretario y abogado este último de la corporación demandada, declararon que en una conferencia habida entre ellos se había convenido que la compañía pagaría la reparación del automóvil. De ser válido este convenio, resulta académica la cuestión de la negligencia de Grindell, si alguna hubo, al chocar con su automóvil el camión de la demandada. Esto es así porque

la posible acción *ex delicto* se convierte, debido al convenio existente entre las partes, en una acción *ex contractu* (Artículo 1709, Código Civil de P. R., ed. 1930; *Busó et al.* v. *Martínez,* 18 D.P.R. 1035, 1036; *Mejías* v. *López,* 51 D.P.R. 21, 24; *Williams et al.* v. *Smith,* 137 S. W. (2d) 121 (Tex., 1940)).

■■ La demandada afirma en su alegato que "Estuvo desorientado el juez inferior al creer que nuestra contención consistía en mantener que para la validez de una transacción era necesario el establecimiento de un precio fijo como en las ventas. Lo que sostuvimos, y ahora planteamos, es que no hubo contrato o convenio para reparar, porque faltó el consentimiento." La dificultad con esa teoría consiste en que la demandada no ofreció prueba alguna pàra sostenerla. Prefirió descansar enteramente en el testimonio ofrecido por el demandante. Sin embargo, la demandada alega que algunas partes del testimonio de Dubón son susceptibles de la interpretación al efecto de que éste había referido a Bonar, presidente de la compañía, la proposición de que esta última pagara los gastos de reparación del automóvil de Grindell, habiéndose negado a ello Bonar. Pero Dubón disipó cualquier duda posible sobre el hecho de que el presidente había ratificado todas sus actuaciones al convenir en pagar las referidas reparaciones, cuando, al final del contrainterrogatorio por el abogado de la demandada, declaró como sigue:

"P. ¿Pero hubo un acuerdo de parte del presidente y manager de la corporación y el demandante, Mr. Grindell, en el que la corporación pagaría el costo de la reparación? R. Sí.

"P. ¿Lo hubo? R. Sí, lo hubo, porque el convenio de Grindell fué conmigo; entonces yo se lo comuniqué a Bonar inmediatamente, y Bonar aceptó mi convenio, mi estipulación, y él lo único que discutía Bonar *después* fué cuando vino la cuenta que Bonar decía que esa reparación no debía costar $400." (Bastardillas nuestras.)

La demandada acepta que, de haber convenido a ese efecto las partes, el contrato no estaría viciado por el hecho

de no especificarse en el convenio cantidad fija alguna para reparaciones (Véase artículo 1225, Código Civil de P. R., ed. 1930; Sánchez Román, Derecho Civil, Tomo IV, 2a. ed., págs. 949, 953). Asumiendo que de acuerdo con tal contrato el demandante estuviera obligado a probar que las reparaciones fueron razonables, el demandante en este caso presentó prueba en detalle que justifica ampliamente la cantidad pagada por las reparaciones del automóvil, que la demandada no hizo esfuerzo alguno por contradecir durante el contrainterrogatorio o mediante testimonio independiente.

*La sentencia de la corte de distrito será confirmada.*