THOMAS MÉNDEZ, demandante y apelado, *v.* E. SOLÉ & Co., S. EN C., ET ALS., demandados y apelantes.

Núm. 8771.—*Sometido:* Enero 13, 1944. *Resuelto:* Enero 19, 1944.

*Miranda & Miranda Esteve,* abogados de los apelantes; *E. Péréz Casalduc,* abogado del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Por virtud de un contrato de venta condicional, el demandante compró a la sociedad demandada un automóvil,

pagando parte del precio al firmar el contrato y comprometiéndose a pagar el resto en dieciocho plazos mensuales de $57.50 cada uno, todos los días seis de los meses sucesivos, desde abril de 1941 a septiembre 6 de 1942.

En la demanda interpuesta en este caso se alega que la sociedad demandada inició ante la Corte de Distrito de San Juan un procedimiento de restitución y entrega de bienes muebles y embargó y depositó el automóvil; que el demandante se vió privado del uso del automóvil desde abril 24 hasta junio 30 de 1942, en cuya fecha le fué devuelto por orden de la corte; que el embargo fué decretado bajo fianza de $1,600 la que fué prestada por la demandada y por los dos codemandados; que en el caso de restitución en contra del demandante se dictó sentencia declarando sin lugar la demanda, quedando firme dicha sentencia por no haber sido apelada dentro del término legal. El demandante reclama $400 de daños causádosle por el embargo al no poder usar el automóvil, $600 por daños a su reputación, más las costas.

Contestaron los demandados negando los hechos esenciales de la demanda, y como defensa especial alegaron que habiendo dejado el demandante de satisfacer el pagaré vencido en abril 6 de 1942 y los que habían de vencer posteriormente, en abril 20 del mismo año la sociedad demandada radicó una querella contra el demandante y solicitó el embargo del automóvil; que cuando el márshal fué en abril 23 a embargar el automóvil no pudo practicar el embargo porque el demandante había escondido el vehículo; que el 24 del mismo mes el demandante ofreció al agente de la demandada hacer efectivo el pagaré vencido, pero esa oferta no fué aceptada porque de acuerdo con el contrato todos los pagarés estaban vencidos y el demandante se negó a pagar las costas; que entonces el demandante, maliciosamente, fué al Banco y sorprendiendo la buena fe de la demandada, pagó y obtuvo el pagaré vencido y que estaba al cobro en el Banco de Arecibo, a pesar de que el Banco tenía instrucciones de

no entregarlo; y que ese mismo día 24, antes de que el demandante recogiera el pagaré, el márshal practicó el embargo. Se alega además, que si algún daño sufrió el demandante, el mismo fué causado por su propia negligencia y malicia y por el incumplimiento de su obligación de hacer efectivo el pagaré en la fecha del vencimiento.

Los demandados han apelado de la sentencia dictada por la Corte de Distrito de Arecibo por la que se les condena a pagar al demandante la suma de $200 como indemnización por las ganancias que dejó de obtener como consecuencia del embargo, más $50 para honorarios de abogado y las costas.

█ Sostienen los demandados apelantes, que la corte inferior erró al resolver que en todos los casos en que se ha practicado un embargo y se desestima la demanda, el demandado embargado tiene derecho a exigir el pago de daños y perjuicios.

De la opinión emitida por la corte inferior copiamos lo siguiente:

"La Corte de San Juan declaró sin lugar la demanda y fué admitido por las partes en la vista de este caso que el motivo que tuvo el Juez para rechazar la demanda, fué que de acuerdo con jurisprudencia moderna no debe admitirse que se rescinda un contrato y se pida restitución de bienes por haberse demorado el deudor en un solo plazo.

"Aunque la cláusula que dispone que el vendedor puede pedir la restitución de bienes por falta de pago de un solo plazo, no la consideramos ilícita, no obstante, como la corte de San Juan declaró sin lugar la demanda de E. Solé y Co. no apeló de esa sentencia, tenemos que aceptar el fallo como cosa juzgada, *pues la ley y la jurisprudencia dan derecho a exigir daños y perjuicios cuando se declara no haber lugar al pleito en que se hace el embargo, y la sentencia de la Corte de Distrito de San Juan a favor de Tomás Méndez, hoy firme, da base o derecho a la reclamación de daños y perjuicios.*

\*    \*    \*    \*    \*    \*    \*

"En cuanto al último motivo, debemos resolver que si el demandante Tomás Méndez dejó de cumplir su compromiso de pagar

puntualmente, y lo hizo después que ya había sido demandado y embargado, él no puede alegar que su reputación o crédito sufrió, por el solo hecho del embargo, pues no puede tenerse buen crédito en el comercio, si no se cumple con las obligaciones comerciales. Además, la prueba aducida para demostrar que el demandante sufrió en su reputación, fué poco convincente." (Bastardillas nuestras.)

En el contrato de venta condicional, presentado en evidencia, se convino que "si el comprador dejare de pagar cualquiera de los plazos estipulados . . . entonces el vendedor, sus sucesores o causahabientes podrán apersonarse en el sitio donde el mencionado vehículo se encontrare y tomar posesión del mismo y retirarlo"; y, además, que si el comprador "faltare al cumplimiento de cualquiera de las condiciones de este contrato, todo el balance no pagado del precio, y los pagarés que representen el mismo, vencerá y será pagado enseguida."

Es un hecho admitido, que el día 20 de abril de 1942, cuando E. Solé & Co. radicó su demanda y solicitó y obtuvo la orden para la toma da posesión del automóvil, el demandante no había satisfecho aún el pagaré correspondiente al plazo vencido en abril 6 de 1942. La corte inferior resolvió, de acuerdo con la evidencia, que el demandante hizo efectivo el importe de dicho pagaré "después que había sido demandado y embargado."

La ley núm. 61 de abril 13, 1916, titulada "Ley para proveer lo necesario para la inscripción de ventas condicionales de bienes muebles y semovientes, etc." dispone (Artículo 2) que "será legal que una persona celebre un contrato para la venta de bienes semovientes y muebles bajo condición de que la propiedad de los mismos será retenida por el vendedor hasta que dichos bienes . . . hayan sido pagados en su totalidad" y (Artículo 6) que cuando los bienes hayan sido vendidos bajo esa condición "los mismos podrán ser recuperados por el vendedor o su cesionario, al faltarse al cumplimiento de las condiciones de venta", en cuyo caso el vendedor retendrá los bienes durante los treinta días siguientes

y el comprador podrá dentro de ese período cumplir con las obligaciones del contrato y recibir de nuevo los bienes.

Aplicando las disposiciones legales a que hemos hecho referencia, a los hechos del caso, resolvemos que al radicar su demanda y al tomar posesión del automóvil, por falta de pago del plazo vencido, la sociedad vendedora actuó de acuerdo .con la ley y con los términos expresos de su contrato con el demandante. El pago hecho por éste después de haber sido demandado y embargado no pudo tener el efecto de convertir el embargo en un acto ilegal que pudiera servir de base a una acción de daños y perjuicios.

No es cuestión envuelta en el presente recurso, y por tanto no estamos obligados a resolverla, si la Corte de Distrito de San Juan erró al desestimar la demanda para la restitución del automóvil por el alegado fundamento de que "de acuerdo con la jurisprudencia moderna no debe admitirse que se rescinda un contrato y se pida restitución de bienes por haberse demorado el deudor en un solo plazo." Aún aceptando como correcta la decisión dictada por la Corte de Distrito de San Juan, eso en nada variaría la situación legal en el presente caso. La sociedad vendedora demandó y embargó haciendo uso del derecho reconocídole por la ley y por el contrato de venta condicional; y si después de recibir el importe del pagaré vencido, la vendedora creyó más conveniente a sus intereses no apelar de la sentencia y entregar, como entregó, el automóvil al demandante, esa actuación no convirtió en ilegal el embargo practicado de acuerdo con la ley.

La acción para recobrar daños y perjuicios causados por un alegado embargo ilegal, que es la que se ejercita en este caso, es una acción *ex-delicto* basada en la doctrina del artículo 1802 del Código Civil. Como se dijo en *Lowande* v. *Otero & Co.*, 14 D.P.R. 571:

"... indudablemente incurre en culpa, el que para asegurar las resultas de un pleito que sigue contra determinada persona, solicita

y obtiene del tribunal el embargo de los bienes de su adversario, que después, *o por no haber formulado bien la demanda, o por resultar ésta injustificada o temeraria,* tiene que levantarse forzosamente, después de haber causado infinidad de daños y perjuicios en su crédito o en sus intereses al dueño de los bienes embargados.'' (Bastardillas nuestras.)

Véanse: *Busó* v. *Martínez,* 18 D.P.R. 1035; *Mejías* v. *López,* 51 D.P.R. 21; *Cintrón* v. *Insular, etc.* y *Balbaño,* 58 D.P.R. 821.

Es doctrina bien sentada la de que el que inicia o promueve procedimientos judiciales contra otro es responsable de los daños y perjuicios que pueda causarle, (*a*) cuando el procedimiento ha sido iniciado sin causa probable y con otro propósito que no sea el de conseguir la adjudicación de la reclamación en que se basan los procedimientos, y (*b*) cuando el procedimiento ha terminado en favor del demandado. ''Restatement of the Law of Torts'', Vol. III, página 443, sección 674.

Si aplicamos dicha doctrina a los hechos y circunstancias del presente caso, tenemos que llegar forzosamente a la conclusión de que la sentencia dictada por la corte inferior no está justificada. E. Solé & Co., tenían causa probable y suficiente para iniciar el procedimiento sobre restitución del automóvil vendido al demandante bajo contrato de venta condicional. El comprador había faltado al pago de un plazo vencido en abril 3 de 1942; y no fué hasta el 20 del mismo mes que se inició el procedimiento. Ya hemos visto que tanto la ley como el contrato reconocen el derecho a tomar posesión del automóvil en caso de falta de pago de uno cualquiera de los plazos convenidos. Y no hay nada en la prueba que tienda a demostrar que el procedimiento fuera iniciado con el propósito de molestar o causar daño al demandante y no con el de proteger a la vendedora en su justa reclamación de lo que se le adeudaba.

Es cierto que la Corte de Distrito de San Juan dictó sentencia desestimando la demanda. Empero, esa desestima-

ción no -se basó en la insuficiencia de la demanda o en que ésta fuese injustificada o temeraria, y sí en que habiendo el comprador del automóvil pagado el plazo que adeudaba, después de haber sido demandado y embargado, el vendedor no tenía, a juicio de dicha corte, el derecho a declarar vencidos los plazos futuros y rescindido el contrato.

*Por las razones expuestas debe revocarse la sentencia recurrida y declararse sin lugar la demanda, con las costas de la corte inferior y las causadas por este recurso a cargo del apelado.*

El Juez Asociado Sr. Snyder no intervino.