**LEXINGTON INSURANCE COMPANY,**
**Plaintiff,**

v.

**ABARCA WAREHOUSES CORPORA-**
**TION and Great American Insur-**
**ance Company, Defendants.**

Civ. No. 24–71.

United States District Court,
D. Puerto Rico.

Dec. 22, 1971.

José L. Novas-Dueño, San Juan, P. R., for plaintiff.

Rieckehoff, Calderon, Vargas & Arroyo, San Juan, P. R., for defendants.

## ORDER

TOLEDO, District Judge.

This cause is presently before the Court on a Motion to Dismiss filed by defendants, predicated on the allegation that plaintiff's claim has overrun the statute of limitations.

The averments of the complaint, which the Court must take as true, are, in substance, as follows:

1. Puerto Rico Industrial Development Co. (PRIDCO), is a public corporation, owner of the premises and building wherein the Caribe Hilton Hotel is located.

2. Hilton Hotel International, Inc. (Hilton), manages and operates the Caribe Hilton Hotel.

3. Hilton entered into a contract with Abarca Warehouses Corporation (Abarca) for the installation at the hotel of a three cell, 900 ton, force draft cooling tower, and auxiliary equipment.

4. On March 13, 1967, a fire occurred on the premises of the Hotel, which caused substantial damages to the cooling tower and auxiliary equipment. Said fire was caused by the negligence of an employee of Abarca while performing works toward the installation of said cooling tower.[1]

5. On June 7, 1968, plaintiff, Lexington Insurance Company (Lexington), paid to its assureds, PRIDCO and Hilton, the amount of $34,277.10 for the damages suffered by them because of said fire, under an All Risk Insurance Policy.

6. On January 15, 1971, the instant complaint based on diversity jurisdiction was filed in this Court by Lexington claiming, in subrogation, said amount of $34,277.10 from defendants Abarca and its insuror Great American Insurance Company.

The question at issue is whether the complaint is time-barred. The Court finds that it is and that, thus, the complaint must be dismissed.

There is no issue as to the fact that PRIDCO was not a party to the contract for the installation of the cooling tower and auxiliary equipment at the Hotel. So any cause of action PRIDCO might have, would have to be based under the provisions of Articles 1802 and 1803 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Sections 5141 and 5142.[2] Under Article 1868 of said Code, Title 31, Laws of Puerto Rico Annotated, Section 5298,[3] actions based upon Articles 1802 and 1803, must be filed within one year.

---

1. Paragraph 10 of Plaintiff's complaint alleges that the fire occurred "because of the failure of Abarca Warehouses to perform its contractual obligations toward Hilton Hotels International, Inc. in a safe and workmanlike manner and because of the negligence of said Abarca Warehouses Corporation, its agents and employees in performing the work covered by said contract."

2. Article 1802, Title 31, Laws of Puerto Rico Annotated, Section 5141, provides as follows:

"A person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

Article 1803, Title 31, Laws of Puerto Rico Annotated, Section 5142, in its pertinent part provides:

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible."

\* \* \* \* \*

"Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."

\* \* \* \* \*

3. Article 1868, Title 31, Laws of Puerto Rico Annotated, Section 5298, states:

"The following prescribe in one year:

1. Actions to recover or retain possession.

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

Since the accident that gave rise to the fire occurred on March 13, 1967, any action filed after March 13, 1968, would be time-barred. No averment is made of extrajudicial claims that might have tolled the statute of limitations.[4] The Court takes judicial notice that a similar complaint was filed before this Court on July 15, 1970 (Civil 564–70), which was dismissed for lack of diversity jurisdiction, but same was also filed after the expiration of the one-year limitation.

Plaintiff's counsel suggests that the applicable limitation is fifteen (15) years [5] based in the contractual relationship existing between Hilton and Abarca at the moment of the fire. The Court does not have the contract before it, but the complaint avers that the contract "covered the installation of a three cell, 900 ton, force-draft cooling tower and auxiliary equipment." The complaint is not based in failure of Abarca to install said tower. Rather, the complaint claims damages because of the negligence of an employee of Abarca. Thus, Article 1054 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 3018 [6] is not applicable for no damages are claimed on any alleged failure of Abarca to install the cooling tower. This is, thus, obviously, a case sounding in torts which is time-barred. This matter has been the subject of decision by the Supreme Court of Puerto Rico and by this Court.

In Busó v. Martínez, 18 D.P.R. 1035, 18 P.R.R. 994 (1912), the Supreme Court of Puerto Rico applied the one-year statute of limitations, although the damages arose by reason of a contract, because they occurred out of the commission of a tort.

In Fraticelli v. St. Paul Fire and Marine Insurance Co., 375 F.2d 186, Judge McEntee, speaking for the First Circuit Court of Appeals, at page 188, stated:

" * * * Although ordinarily the one year tort limitation does not apply to contract actions, Ruiz et al v. Mercado & Sons, 38 P.R.R. 525 (1928), in Puerto Rico there is a well recognized exception to this general rule where the damages arise out of the commission of a tort. Busó v. Martínez, 18 P.R.R. 994 (1912). In that case, as in the instant one, the damage was caused through fault or negligence although it arose by reason of contract."

The same position was again reasserted by this Court in its recent decision in the case of Núñez et al. v. Horn, order filed and entered on November 5, 1971, (J. Toledo). In the last mentioned case the plaintiff filed a complaint against a physician who treated him, after more

---

4. Paragraph 14 of Plaintiff's complaint reads: "That the defendants herein are liable to plaintiff herein for the amount of $34,277.10 paid by plaintiff to its assureds, which amount defendants have refused to pay notwithstanding the multiple and continuous efforts of plaintiff and its assignors to that effect." This averment does not reflect an extrajudicial demand that tolls the statute of limitations, for this being a tort action under Article 1802, Title 31, Laws of Puerto Rico Annotated, Section 5141, thus barred by the one-year statute of limitations of Article 1868, Title 31, Laws of Puerto Rico Annotated, Section 5298, the efforts stated in Paragraph 14 have been performed after the statute of limitations has run.

5. It is plaintiff's contention that the applicable statute of limitations is the one contained in Article 1864 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 5294, which states:
"A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

6. Article 1054 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 3018, reads:
"Those who in fulfilling their obligations are guilty of fraud, negligence, or delay and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnity for the losses and damages caused thereby."

than one year had elapsed from the date in which the alleged damages were caused. Plaintiff asserted his action was based on an obligation arising out of a contract for which the one year statute of limitations did not apply. This Court after citing Busó v. Martínez, supra, and Fraticelli v. St. Paul Fire & Marine Insurance Co., supra, concluded that plaintiff's action was based on a tort since plaintiff's allegations were clearly based on negligent acts or omissions of the defendant in his medical treatment of the plaintiff. Consequently, this Court decided that plaintiff's action was subject to the one year statute of limitations prescribed in Article 1868, Title 31, Laws of Puerto Rico Annotated, Section 5298 and thus, time-barred.

Finally, Lexington stands in no better position than PRIDCO or Hilton. This is so because Article 1166 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 3250, provides that the subrogation transfers to the subrogated, the credit with its corresponding rights [annexed to the same], be it against the debtor or against third persons. As previously stated, Lexington made its payment on June 7, 1968. By that time, the right to sue of both PRIDCO and Hilton had been extinguished because of the running of the statute of limitations. Thus, by its payment, Lexington acquired no more rights than those in the possession of PRIDCO and Hilton. Since by that time, June 7, 1968, both PRIDCO and Hilton had no right to sue Lexington consequently acquired no right to sue either. Pereira v. Ibec, 95 D.P.R. 28, 95 P.R.R. ——, (1967).

Finally, any direct action that Lexington might have against defendants, because of its payment would also have to be based on Article 1802 of the Civil Code of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 5141, since no previous contractual relationship existed between Lexington and defendants. Since payment was made,

as stated, in June 7, 1968, it follows that the complaint before us filed on January 15, 1971, as well as the previous complaint filed on July 15, 1970, are both time barred.