José G. Rincon NUÑEZ et al., Plaintiffs,

v.

Dr. Karl HORN, Defendant.

Civ. No. 875–70.

United States District Court, D. Puerto Rico.

Oct. 5, 1970.

**448**

Ernesto Maldonado Pérez, San Juan, P. R., for plaintiffs.

Agrait-Oliveras & Otero, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is presently before the Court on defendant's Motion Requesting the Dismissal of the Complaint filed on March 25, 1971. Said motion was set for oral argument for April 2, 1971 and on that date, counsel for both parties stipulated to submit their arguments through the filing of memoranda. Defendant filed its Memorandum on April 27, 1971 and plaintiffs filed their Memorandum on August 24, 1971. Defendant has offered in evidence this Court's file number 92–67 in the case of José Guad- alupe Rincón Núñez v. Hotel Palace, Inc., Hartford Insurance Co., Otis Elevator Co. and Great American Insurance Company in support of his motion and plaintiffs offered in evidence a transcript of proceedings held in that case.

■ Defendant's Motion for Dismissal is predicated on the allegations that plaintiffs' claim has overrun the statute of limitations and that plaintiffs have allegedly already been compensated for their damages.

Paragraph Fifteen of the complaint shows that plaintiff José G. Rincón Núñez was seen by defendant, physician, Dr. Karl Horn, on October 31, 1966 and treated by him up to November 23, 1966 and that the aggravation of his damages occurred shortly after, at the start of the year 1967. Plaintiffs' complaint was filed in October 1970.

Article 1868 of the Civil Code of Puerto Rico, cited in Title 31, Section 5298 L.P.R.A., reads as follows:

"§ 5298. Actions which prescribe in one year.

The following prescribe in one year:

1. Actions to recover or retain possession.

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof. —Civil Code, 1930, § 1868."

Consequently, there can be no doubt that plaintiffs filed their claim for damages at a date in excess of the term of one (1) year indicated by law. Nevertheless, plaintiffs have proposed that their action is based on an obligation arising out of a contract and that in that event, the term of one year does not apply. The term afforded by law for the filing of an action based on an obligation arising out of a contract is fifteen (15) years according to 31 L.P.R. A., § 5294. Therefore, we have to determine whether the one (1) year or the fifteen (15) years limitation applies to this specific case.

This matter has been the subject of discussion by the Courts of Puerto Rico and by this Court. In Buso v. Martínez, 18 D.P.R. 1035, the Supreme Court applied the one year limitation although the damages arose by reason of a contract because they occurred out of the commission of a tort. In Fraticelli v. St. Paul Fire and Marine Insurance Co., 375 F.2d 186 (1967), the Appellate Court for the First Circuit held that:

"Although ordinarily the one year tort limitation does not apply to contract actions, * * * in Puerto Rico there is a well recognized exception to this general rule where the damages arise out of the commission of a tort. * * * In that case, as in the instant one, the damage was caused through fault or negligence although it arose by reason of contract."

We conclude then, that plaintiffs' action in this case is based on a tort and subject to the one year limitation specified in Section 5298 in conformity with the decisions handed down in the cases of Busó v. Martínez, supra, and Fraticelli v. St. Paul Fire and Marine Insurance Co., supra, since plaintiffs' allegations are clearly based on negligent acts or omissions of defendant in his medical treatment of plaintiff. Consequently, plaintiffs' action has overrun the Statute of Limitations.

■■ Plaintiffs have also mentioned in their Memorandum that it cannot be said that plaintiff, José Guadalupe Rincón Núñez, had knowledge of the malpractice at the time of its occurrence. Aside from the fact that said plaintiff has not offered any proof of his lack of knowledge or has not made any allegations to that effect in the complaint, as he should have in case he wanted to raise that issue, it arises from his allegations that he did have knowledge of the fact that defendant allegedly limited his treatment to the lower extremities in spite of the fact that he allegedly claimed pain in the low back and showed evidence of low back impairment and that in the early part of 1967, he suffered a sudden paralysis of the lower extremities to the impairment of his back which was never treated by defendant.

■■ Defendant's second reason for requesting the dismissal of the complaint in this case is also a valid one.

Plaintiffs filed a complaint in tort in this same Court against Hotel Palace, Inc., Hartford Insurance Co., Otis Elevator Co. and Great American Insurance Co. in Civil Case Number 92–67, alleging the same damages that are being alleged in the present action and claiming compensation for those damages from the persons who negligently caused the accident which motivated the medical treatment given by defendant to plaintiff, José Guadalupe Rincón Núñez, and after presenting all the evidence of the damages that are again being alleged in the present case at a jury trial that was held on April 1970, the Jury rendered a verdict in favor of plaintiffs for the sum of $29,000.00 for all the physical damages suffered by plaintiffs as a consequence of that accident. The judgment was not appealed and the compensation was paid to plaintiffs by the tortfeasors.

Consequently, plaintiffs in this case pretend to claim damages for which they have already been paid by a tortfeasor. The case of Robles v. Tribunal, 85 D.P.R. 665, has decided that nobody can enrich himself unjustly by receiving double indemnity for the same damages.

On the other hand, Article 1098 of the Civil Code of Puerto Rico (T. 31, Section 3109 L.P.R.A.) reads as follows:

"The payment made by any of the joint debtors extinguishes the obligation. The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced."

This article was interpreted and applied to joint tortfeasors in the case of García v. Gobierno de la Capital, 1951, 72 D.P.R. 133. Defendant is a joint tortfeasor with the defendants in the previous case, the payment made by the

joint tortfeasor has extinguished the obligation and the only person who could have a right against defendant because of the facts set forth in the complaint, if true, are the joint tortfeasors in contribution.

The case of Abraham Williams v. Annapolis Emergency Hospital Association, Inc., 435 F.2d 1301, decided by the U. S. Court of Appeals, Fourth Circuit, on December 18, 1970, specifically decided the point in issue. The Court's opinion on the matter reads as follows:

"In this diversity jurisdiction tort action, appellants seek damages for injuries sustained as the result of the alleged negligence and malpractice of the defendant doctors and hospital during treatment following an automobile accident. Appellants have a satisfied judgment against the driver of the other car involved in the accident.

At a hearing in the district court on defendants' motions for summary judgment, which were subsequently granted, the appellants admitted that the injuries for which they seek these damages are an aggravation of the injuries sustained in the accident for which they have already recovered. The applicable law, the law of Maryland, is that a satisfied judgment against the original tortfeasor bars judgment against concurrent tortfeasors. Grantham v. Board of County Commissioners, 251 Md. 28, 246 A. 2d 548 (1968); Trieschman v. Eaton, 224 Md. 111, 166 A.2d 892 (1961). Appellants argue that the subsequent case of Kyte v. McMillion, 256 Md. 85, 259 A.2d 532 (1969), changes the Maryland rule. We think not. In Kyte, the injuries arising out of the negligence of the hospital and its nurse were 'wholly divisible' from those resulting from the automobile accident. 256 Md. at 99, 259 A.2d at 538. That is not the case here. Williams' claim against the doctors and hospital does not arise from a divisible injury, but from the same injury. Accordingly, we dispense with oral argument and affirm."

The case of Merced v. Gobierno de la Capital, 85 D.P.R. 552 (1952), cited by plaintiffs in their Memorandum as the case which bears weight in the present case, actually sustains defendant's position. The *Merced* case says as follows:

"In the Restatement of Torts, 2 A.L. I., Sect. 457, it is suggested that the rule applicable to the situation that the case at bar poses, should be the following:

'If the negligent actor is liable for another's injury, he is also liable for any additional bodily harm resulting from acts done by third persons in rendering aid which other's injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner.'

And the first comment that appears after expounding the rule refers to cases as the one at bar, where the doctor's intervention made the damages worse. It is there stated: 'In such a case, the damages assessable against the actor include not only the injury originally caused by the actor's negligence, but also the harm resulting from the manner in which the medical surgical or hospital services are rendered irrespective of whether they are rendered in a taken or negligent manner, so long as the mistake or negligence is of the sort which is recognized as one of the risks which is inherent in the human fallibility of those who render such services.' The reason for this rule is based on the difficulty in determining which damages are the outcome of the original negligence which caused the damages and which are the outcome of the negligence of those who acted afterwards. Besides, it is stated that it is difficult to establish professional liability if the aggravation is the outcome of negligence in the treatment. It is said that if the person who caused the damage originally were to escape liability alleging the doctor's negligence, the plaintiff would only be left with a professional liability case: 'one of the most intricate and difficult to sustain in the field of personal injuries.'

In order to avoid these difficulties, the person originally negligent is made responsible for all the damages. Of course, nothing stops the one who caused the original damage from recovering from the third party whose negligence caused the damages to become greater."

It is unquestionable then, that plaintiffs have already been indemnified for all of the damages by the original tortfeasor and defendant can be made responsible only to that original tortfeasor in case he was negligent in the treatment of plaintiff, José Guadalupe Rincón Núñez.

Wherefore, the Court hereby orders that defendant's Motion for Dismissal is granted and plaintiffs' complaint is hereby dismissed.

It is so ordered.