**Ralph NADER et al., Appellants,**

v.

**FEDERAL AVIATION ADMINIS-
TRATION et al.**

**No. 24616.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 16, 1970.

Decided March 4, 1971.

Mr. Anthony Z. Roisman, Washington, D. C., for appellants.

Mr. Robert E. Kopp, Atty., Department of Justice, with whom Thomas A. Flannery, U. S. Atty., and Robert V. Zener, Atty., Department of Justice, were on the brief, for appellees. Messrs. Morton Hollander, Atty., Department of Justice, and John A. Terry, Asst. U. S. Atty., also entered appearances for appellees.

Before LEVENTHAL and ROBINSON, Circuit Judges, and SMITH,* Chief Judge, U. S. District Court for the District of Montana.

RUSSELL E. SMITH, Chief District Judge:

Appellants (Nader, the original petitioner, and Ingram, Limoncelli, Newbill and Walker, who intervened in the proceedings before the Administrator) appeal from a district court judgment sustaining the refusal of the Federal Aviation Administration (hereafter the Administrator) to impose an emergency ban on smoking on commercial aircraft.

Appellants' claims were supported before the Administrator by a series of exhibits, including among other things letters, excerpts from newspapers, articles from scientific journals and aircraft accident reports. The Administrator's "Statement of Reasons for Determining No Emergency", issued following a remand from the district court ordering the Administrator to state the reasons for his refusal to issue an emergency order, together with an "Advance Notice of Proposed Rule Making", present the Administrator's position.

Appellants claimed that smoking on commercial aircraft should be forbidden because smoking:

1. Creates a hazard of fire or fire induced smoke,
2. is deleterious to the health of non-smoking passengers,
3. is an annoyance and discomfort to and discriminative against non-smoking passengers, and
4. causes a possible distraction to and a reduction in the crew's mental and visual alertness.

The Administrator is conducting a study to determine whether smoking by flight crew members does reduce the level of safety in the operation of commercial airlines, and has issued an advance notice of rule making with respect to the hazard to the health of non-smoking passengers caused by smoking in aircraft. The Administrator's conclusion that no emergency exists with respect to these matters is supported by reasons which appear to us to be adequate.

■ We agree with the Administrator that the claim that smoking annoys and discomforts non-smoking passengers does not justify the exercise of the emergency power. Under the statute this power exists only where safety is involved.

A more serious problem is posed by the remaining claim that an emergency ban should be imposed because of fire and smoke hazards. The Administrator's findings of no emergency are based on historical and technical considerations. The Administrator found that millions of miles have been flown by commercial aircraft without an accident or an inflight fire attributable to smoking. F.A.A. technical experts looking at modern commercial aircraft in terms of such factors as structures, location of fuel tanks and composition of interior cabin materials, concluded that smoking as presently regulated creates no danger in terms of the ignition of aircraft fuel or the fumes from it, no measurable increase in risk in case of mid-air collision, and no realistic possibility of an inflight fire due to air turbulence. Though the conclusion is not specifically stated, it is apparent that the Administrator did not believe there was danger of any serious fire because of the possibility of the ignition of interior cabin materials such as curtains, upholstery and carpets by smokers.

* Sitting by designation pursuant to 28 U.S.C. § 292(c). (1964).

The Administrator's findings do not exclude all possibility of hazard. Implicit in them is an assumption that the no smoking light will always be lighted when it should be, and that the light will during periods of vulnerability reduce smoking in the same amount that a total ban would. The facts remain that while the recorded history of commercial flying reveals no accidents due to smoking the records may be incomplete or misinterpreted and that in a world of combustible things the hazard of combustion rises in some measure as the number of ignitors rises.

The statute [1] requires that in making rules the Administrator "give full consideration to the duty vested in air carriers to perform their service with the highest possible degree of safety in the public interest" and appellants urge that once a possibility of hazard is shown the Administrator must rule, and immediately, unless the Administrator states some countervailing public interest. None is stated and appellants urge that in light of the requirement that administrative action must be supported by adequate reasons [2] the Administrator should be ordered to rule.

■ Congress placed upon the Administrator a duty to make reasonable rules, and in safety matters as to which the emergency power is given the requirement of "reasonable orders, rules or regulations" is continued. Thus, the initial duty to determine what is reasonable both in terms of long term regulations and in terms of the exercise of emergency power is in the Administrator.

■ Because emergency power must be reasonably exercised the suggestion of any safety hazard does not automatically require the Administrator to act. The Administrator is given some power to measure the suggested hazard. The Administrator has done that measuring in this case, and we cannot say that his measurements are unreasonable.

■ On review of an interim order [3] we think it unnecessary for the Administrator to exactly meet each issue raised by a petitioner or to supply all of the details that the petitioner might want. Without in any measure negating the rule requiring that reasons be stated in support of administrative orders, we think it sufficient if it appears from the whole case and the reasons stated that the Administrator's action is supported by reason.

■ In this case the Administrator was asked to abolish a freedom to smoke in commercial aircraft which has been

1. The pertinent statutory provisions are 49 U.S.C. § 1421:

"(a) The Administrator is empowered and it shall be his duty to promote safety of flight of civil aircraft in air commerce by prescribing and revising from time to time: * * *

(6) Such reasonable rules and regulations, or minimum standards, governing other practices, methods, and procedure, as the Administrator may find necessary to provide adequately for national security and safety in air commerce."

"(b) In prescribing standards, rules, and regulation, and in issuing certificates under this subchapter, the Administrator shall give full consideration to the duty resting upon air carriers to perform their services with the highest possible degree of safety in the public interest."

and 49 U.S.C. § 1485:

"(a) * * * Provided, That whenever the Administrator is of the opinion that an emergency requiring immediate action exists in respect of safety in air commerce, the Administrator is authorized, either upon complaint or his own initiative without complaint, at once, if he so orders, without answer or other form of pleading by the interested person or persons, and with or without notice, hearing, or the making or filing of a report, to make such just and reasonable orders, rules, or regulations, as may be essential in the interest of safety in air commerce to meet such emergency: * * * *"

2. Public Service Commission of the State of New York v. Federal Power Commission, 141 U.S.App.D.C. 174, 436 F.2d 904 (1970).

3. See Environmental Defense Fund Incorporated et al. v. Ruckelshaus, 142 U.S. App.D.C. ——, 439 F.2d 584 (1971).

enjoyed by millions of passengers since the advent of commercial aviation.[4] Freedoms (foolish as the exercise of them by one segment of society may seem to some other segment of society) have an importance in the American scheme and when an Administrator is asked to abolish a freedom because of a suggested hazard then he should pause and reflect and the pause should not be held to be unreasonable if the suggested hazard is measured by the Administrator and on the basis of reasonably stated technical and historical considerations found to be too small to warrant an emergency order.

The result we reach is not contrary to Environmental Defense Fund v. Ruckelshaus, supra, or Wellford v. Ruckelshaus, 142 U.S.App.D.C. ——, 439 F.2d 598 (1971). In *Environmental Defense Fund* the Secretary had concluded that there was a substantial safety question, and in *Wellford*, had recognized a direct hazard to people exposed to the herbicide 2, 4, 5–T and expressed nothing as to a class of people who were bound to be exposed. In this case the Administrator did not recognize a hazard.

The judgment of the district court is affirmed.

---

4. The freedom to smoke may have to give way to the freedom of others to be un-annoyed by smoke but that is not a safety problem.