**LEXINGTON INSURANCE COMPANY, Plaintiff, Appellant,**

v.

**ABARCA WAREHOUSES CORPORATION et al., Defendants, Appellees.**

**No. 72–1054.**

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1972.

Decided April 2, 1973.

---

Jose L. Novas-Dueno, San Juan, P. R., with whom Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, San Juan, P. R., were on brief, for appellant.

Eli B. Arroyo, San Juan, P. R., and Rieckehoff, Calderon, Vargas & Arroyo, San Juan, P. R., on brief for appellees.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

In this diversity suit Lexington Insurance Company seeks recovery from a contractor, Abarca Warehouses Corporation, and its insurer, Great American Insurance Company, for a sum Lexington paid its insureds, Puerto Rico Industrial Development Corporation (Pridco) and Hilton Hotels International, as indemnity for damages resulting from a fire which occurred on their property allegedly as the result of the negligence of an Abarca employee.

The underlying facts may be summarized as follows. In April 1965 Lexington issued an all-risk policy to Pridco and Hilton covering any loss which they might incur from their ownership and operation of the Caribe Hilton Hotel. Approximately one year later Hilton entered into a contract with Abarca in which the latter agreed to install a large force-draft cooling tower on the hotel premises. The fire in question broke out in the construction area on March 13, 1967. As a result of this incident, Hilton sustained losses in the amount of $34,277.10 and, on June 7, 1968, pursuant to the terms of its policy, Lexington paid Hilton this amount. Thereafter, on January 14, 1971, some four years after the fire, Lexington initiated this action against Abarca and Great American. The defendants moved to dismiss the complaint on the ground that the cause of action sounded in tort and was thus bar-

red by the one-year statute of limitations applicable to such actions.[1] Lexington countered that the appropriate limitations period was fifteen years, the period applicable to suits in contract.[2] It contended that its right to recover was based upon the failure of Abarca to perform its contract with Hilton in a safe and workmanlike manner. The district court, 337 F.Supp. 902, granted defendants' motion to dismiss and this appeal followed. For the reasons set forth below, we affirm.

 The primary issue before us is whether the trial court was correct in concluding, as a matter of Puerto Rican law, that Lexington's complaint sounded in tort rather than in contract. In considering this question we note at the outset the fundamental doctrinal distinction between these two types of action. As Dean Prosser states:

> "The fundamental difference between tort and contract lies in the nature of the interests protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or intention of the parties. . . . Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of parties manifesting consent, and are owed only to the specific individuals named in the contract. Even as to these individuals, the damages recoverable for a breach of the contract duty are lim-

ited to those reasonably within the contemplation of the defendant when the contract was made, while in a tort action a much broader measure of damages is applied." [Footnotes omitted.] W. Prosser, Law of Torts, § 93 at 634 (3d Ed. 1964).

Mindful of these distinctions, we feel that it is very unlikely that the fire losses which occurred in the instant case were within the contemplation of Hilton and Abarca when they executed their agreement. It is of course clear that Abarca would be liable for breach of contract if it had failed to erect the tower or if its performance of this obligation were in some manner deficient. In the absence of a provision in the agreement which would indicate that the parties intended to allocate liability for damages which might arise as the result of *negligent conduct* during the course of construction, however, Hilton and its subrogee Lexington are left to traditional tort remedies, not with an action in contract, to recoup these losses.[3] *Cf.* Bickford v. Richards, 154 Mass. 163, 27 N.E. 1014 (1891). In addition, in Puerto Rico it is well settled that when one party to a contract is injured through the fault or negligence of the other party, the aggrieved individual's right of recovery ordinarily lies in tort in spite of the pre-existing contractual relationship. As we have recently observed in an analogous context:

> "Although ordinarily the one year tort limitation does not apply to contract actions, Ruis et al. v. Mercado & Sons, 38 P.R.R. 525 (1928), in Puerto Rico there is a well recognized exception to

---

1. 31 L.P.R.A. § 5298 provides in pertinent part that:
 "The following prescribe in one year:
 "1. . . . .
 "2. Actions to demand civil liability . . . for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

2. 31 L.P.R.A. § 5294 reads as follows:
 "A mortgage action prescribes after twenty years, and those which are per-

sonal and for which no special term of prescription is fixed, after fifteen years."
This provision has been held to apply to actions for breach of contract. *See, e. g.,* Saavedra v. Central Coloso, Inc., 85 P.R. R. 404 (1962); Segarra v. Vivaldi, 55 P.R.R. 153, 155–156 (1939).

3. Although the agreement between Hilton and Abarca is not in the record and thus is not before us, Lexington has not alleged that a provision of this sort was included in the contract.

this general rule where the damages arise out of the commission of a tort. Buso v. Martinez, 18 P.R.R. 994 (1912). In that case, as in the instant one, the damage was caused through fault or negligence although it arose by reason of contract. The Supreme Court upheld the action of the trial court in sustaining defendant's demurrer on the ground that the damages claimed arose through the fault or negligence referred to in § 1803 of the Civil Code (now § 5141), and therefore the action was prescribed by the one year statute." Fraticelli v. St. Paul Fire and Marine Insurance Co., 375 F.2d 186, 188–189 (1st Cir. 1967).[4] Finally, in this case we consider the tort-contract question solely in order to determine the appropriate statute of limitations. Under this circumstance, the fact that limitation periods applicable to negligence actions are ordinarily shorter in duration than those applicable to suits upon written contracts because the former actions are usually based upon evidence of a more ephemeral nature becomes relevant. Mindful of the potential unfairness in permitting "the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared," Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348–349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944), we would find it very difficult to justify the application of a fifteen year statute of limitations to Lexington's claim.

Given the Buso v. Martinez, 18 P.R.R. 994 (1912), line of authority and the fact that Lexington's cause of action was

based upon losses caused by the alleged negligence of one of Abarca's employees, we find that the district court did not err in concluding that this cause sounded in tort rather than in contract and was thus barred by the applicable one-year statute of limitations.

Affirmed.

4. The cases on which Lexington relies are distinguishable from the case at bar and from Buso v. Martinez, 18 P.R.R. 994 (1912). In Quinones v. Municipality of Ponce, 92 P.R.R. 571 (1965), Camacho v. Catholic Church, 72 P.R.R. 332 (1951), and Maldonado v. Municipality of Ponce, 39 P.R.R. 226 (1929), the conduct complained of, the desecration of burial plots previously sold to the plaintiffs, constituted not only a tort but also a breach of the defendants' continuing contractual obligation to preserve and care for the graves. Similarly, in Arroyo v. Caldas, 68 P.R.R. 639 (1948), plaintiff's suit for personal injuries was based primarily on the defendant landlord's breach of his continuing statutory duty to perform all necessary repairs on the leased premises, see 31 L.P.R.A. § 4051, rather than on his negligence in permitting a dangerous condition to remain unremedied in the leasehold.