Merida OCASIO JUARBE, Plaintiff,

v.

EASTERN AIR LINES, INC.,
Defendant.

Civ. No. 87–1086 (JP).

United States District Court,
D. Puerto Rico.

May 12, 1988.

---

Enrique Alcaráz Micheli, Ferrer & Alcaráz, Mayaguez, P.R., for plaintiff.

Francisco Ponsa Flores, San Juan, P.R. for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This diversity case is before the Court on defendant Eastern Airlines' motion to dismiss and plaintiff's opposition. For purposes of this motion, the parties reached agreement on the material facts at an Initial Scheduling Conference on December 8, 1987, as follows: In July, 1985, the plaintiff bought a round-trip ticket in Mayaguez for travel to Los Angeles. During the return trip, on August 4, 1985, Eastern received a call in Puerto Rico indicating that a bomb was aboard flight 504. The plane made an emergency landing on Caicos Island, Bermuda, and during evacuation, the plaintiff allegedly was injured.

The complaint was filed on August 20, 1987, more than one year after plaintiff's injuries occurred. The defendant filed a motion to dismiss based on Puerto Rico's one-year tort statute of limitations, 31 L.P.R.A. 5298. Plaintiff argues in opposition that her action is based on contract and, as such, is subject to the 15–year limitations period of 31 L.P.R.A. 5294. The sole issue before this Court is which limitations period the Supreme Court of Puerto Rico would apply to this case. *See e.g., Sea–Land Service Inc. v. Sea–Land of P.R., Inc.,* 636 F.Supp. 750, 754 n. 4 (D.C.P.R. 1986).

The Supreme Court of Puerto Rico has not precisely passed on this question. The First Circuit has, however, indicated the approach this Court should take when it seeks to determine whether this type of complaint sounds in tort or contract:

> in Puerto Rico it is well settled that when one party to a contract is injured through the fault or negligence of the other party, the aggrieved individual's right of recovery ordinarily lies in tort in spite of the pre-existing contractual relationship.

*Lexington Insurance Co. v. Abarca Warehouses Corp.,* 476 F.2d 44, 46 (1st Cir. 1973). The allegations of the complaint in this case clearly indicate that the right of recovery lies in tort. Paragraph 7 alleges that "defendant, through its employees, was *negligent* in complying with its obligation under the contract and their *negligence* was the *proximate cause* of the plaintiff's *injuries.*" (emphasis added). Paragraph 8 again refers to "negligence," and claims damages for physical injuries and for pain and suffering. Finally, paragraph 9 comprises the alleged improper acts of Eastern: failing to inspect the plane properly, landing on an unsuitable airstrip, and failing to follow proper evacuation proceedings. These claims obviously stem from fault or negligence, rather than from bargained-for elements of a contract. *See Lexington,* 476 F.2d at 46; *Fraticelli v. St. Paul Fire and Marine Insurance Co.,* 375 F.2d 186 (1st Cir.1967); *Nuñez v. Horn,* 336 F.Supp. 447 (D.C.P.R.1970).

The plaintiff agrees that the *Lexington* and *Nuñez* cases are contrary to her position, but argues that both cases were wrongly decided because they improperly construed the primary Supreme Court cases, *i.e., Busó v. Martínez,* 18 P.R.R. 994 (1912); *Ruiz v. Mercado & Sons,* 38 P.R.R. 525 (1928); *Maldonado v. Municipality of Ponce,* 39 P.R.R. 226 (1929); *Arroyo v. Caldas,* 68 P.R.R. 639 (1948). Plaintiff cites only to the District Court opinion in *Lexington* and fails to indicate that the decision was affirmed, in part with the language quoted above, with an opinion that binds this Court.

Thus, regardless of the sagacity of the plaintiff's reasoning or argumentation, this Court is not free to re-examine the issue, to the extent that it would overrule *Lexing-*

*ton.* Plaintiff does not attempt to distinguish *Lexington,* but instead argues that the district court should have decided differently. The Court concludes that *Lexington* controls this case, and that the alleged negligent acts by Eastern are limited by the one-year tort statute of limitations, despite the existence of a prior contractual relationship between the parties.

The defendant's motion to dismiss is GRANTED. The case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.