**Merida OCASIO–JUARBE, Plaintiff, Appellant,**

v.

**EASTERN AIRLINES, INC., Defendant, Appellee.**

**No. 88–1663.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1988.

Decided Feb. 6, 1989.

---

Enrique Alcaraz–Micheli with whom Jose M. Munoz–Silva, Mayaguez, P.R., was on brief, for plaintiff, appellant.

Francisco Ponsa–Flores with whom Francisco Ponsa–Feliu, Edda Ponsa–Flores and Lawrence E. Duffy, San Juan, P.R., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

## CERTIFICATION TO THE SUPREME COURT OF PUERTO RICO

TORRUELLA, Circuit Judge.

This case raises questions concerning the applicable statute of limitations under Puerto Rico law which have no clear precedent in the case law of the Supreme Court of Puerto Rico. Therefore, we certify the question to the Supreme Court of Puerto

* Of the Fifth Circuit, sitting by designation.

Rico pursuant to its Rule 27, 4 L.P.R.A. App. I–A (1978).

## I

On or about July 1985, plaintiff Mérida Ocasio Juarbe (Ocasio Juarbe) purchased in Puerto Rico a round-trip ticket from defendant Eastern Airlines, Inc. (Eastern) for air travel between San Juan, Puerto Rico and Los Angeles, California. During her return flight, Eastern received a bomb threat and the plane was forced to make an emergency landing on Caicos Island in the Caribbean. Upon landing, three out of the plane's eight emergency chutes failed to open. Other passengers who followed plaintiff down one of the chutes piled on top of her, causing injuries.

On August 20, 1987, more than two years after the incident, Ocasio Juarbe brought suit against Eastern in the United States District Court for the District of Puerto Rico based on diversity jurisdiction. On the amended complaint, Ocasio Juarbe states, *inter alia*, that the ticket purchased from Eastern constitutes the contract between the parties and that, as such, it contains an implicit duty of defendant to transport the plaintiff safely. She adds that Eastern failed to follow proper evacuation procedures and was negligent in the performance of its obligations under the contract.

Eastern moved for dismissal based on Puerto Rico's one-year statute of limitations for tort actions, Civil Code Article 1868, 31 L.P.R.A. § 5298 (1968). In opposition, Ocasio Juarbe argued that her action arose in contract and thus is subject to a 15–year statute of limitations, Civil Code Article 1864, 31 L.P.R.A. § 5294 (1968). Applying the one-year tort statute of limitations, the district court held that the action was time barred. 685 F.Supp. 25.

On appeal, plaintiff reasserts that her complaint arises from breach of an implied obligation under the contract: to transport her in a safe manner.

## II

In *Lexington Ins. Co. v. Abarca Warehouses Corp.*, 476 F.2d 44 (1st Cir.1973), we considered whether an action arose in contract or in tort for the purpose of determining the applicable statute of limitations under Puerto Rico law. In that case, a fire occurred while defendant installed a cooling tower under a contract with a hotel. The complaint alleged that the fire was caused by the negligence of one of the defendant's employees. *See Lexington Ins. Co. v. Abarca Warehouses Corp.*, 337 F.Supp. 902 (D.P.R.1971). Because the complaint was filed after the one-year tort statute of limitations had expired, plaintiff contended that its right to recover arose from the failure of Abarca to perform its installation contract in a safe and workmanlike manner. In determining whether the action sounded in tort or in contract, we focused on the source of the duty that was breached. Thus, quoting from Professor Prosser, we stated:

The duties of conduct which give rise to [tort actions] are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or intention of the parties....

Contract obligations are imposed because of conduct of parties manifesting consent, and are owed only to the specific individuals named in the contract.

*Lexington*, 476 F.2d at 46.

Based primarily on this test, we held that the complaint in that case sounded in tort and therefore, the statute of limitations had expired.

Plaintiff argues that the case at bar is clearly distinguishable from *Lexington*. Here, plaintiff says, the source of the duty is the contract of transportation. The negligence present in this case, plaintiff adds, arises from the performance of contractual obligations under the Civil Code Article 1054, 31 L.P.R.A. § 3018 (1968), not from the general tort statute, Civil Code Article 1802, 31 L.P.R.A. § 5141 (1968).

## III

Plaintiff cites several Puerto Rico cases in support of her position. Some of them involved the desecration of burial plots. *Rosario Quiñones v. Municipality of Ponce*, 92 P.R.R. 571 (1965); *Camacho v. Catholic Church*, 72 P.R.R. 332 (1951); *Maldonado v. Municipality of Ponce*, 39 P.R.R. 266 (1929). These cases, however, are not directly on point because they involved clear violations of a prior contract of lease or sale.

Plaintiff's best case appears to be *Arroyo v. Caldas*, 68 P.R.R. 639 (1948). In *Arroyo*, plaintiff was injured when she slipped and fell through a skylight on the roof of an apartment building. The defendants, lessors of the apartment, had been notified previously on several occasions of a defective condition in the skylight. Plaintiff alleged that the lessors had been negligent in the performance of their obligations under the lease by failing to repair the skylight. The Supreme Court, in agreeing with plaintiff, expressed the view that the general tort statute, Civil Code Article 1802, 31 L.P.R.A. § 5141 (1968), applies when "no prior obligation was exists between the person causing the damage and the one receiving it." *Arroyo, supra*, at 641–42. Here, the Court said, a prior obligation was imposed on every landlord by virtue of a statute. Thus, the action arose in contract under Civil Code Article 1054, 31 L.P.R.A. § 3018 (1968).

This case seems to add support to plaintiff's argument in the case at bar. *Arroyo*, however, did not involve a statute of limitations question and thus the Court did not consider the policy arguments inherent in deciding a limitation of action issue.

As an alternative argument, defendant argues that even if the case at bar arose in contract, the applicable statute of limitations should be the one-year period provided for tort actions under the analogous statute of limitations doctrine announced in *Olmo v. Young & Rubicam*, 110 D.P.R. 740 (1981) and reaffirmed in *Lozada Torres v. Collazo*, 111 D.P.R. 702 (1981).

Since we are uncertain as to the application of *Arroyo* to the case at bar, and, if applicable, as to the pertinence of *Olmo* and *Lozada Torres*, we certify the follow-

ing questions to the Supreme Court of Puerto Rico:

1. For purposes of determining the applicable statute of limitations, do the facts, as averred in the complaint, give rise to an action in tort or in contract?

2. If the action is in contract, is the applicable statute of limitations the general 15–year period provided by Article 1864 of the Civil Code of Puerto Rico or the one-year period provided for tort actions, being the most analogous term under *Olmo* and *Lozada Torres?*

Beyond answers to the above, the Supreme Court of Puerto Rico should, of course, feel entirely free to convey to us any added comments it feels appropriate regarding the law of Puerto Rico relative to the timeliness of this action.