**Merida OCASIO–JUARBE,
Plaintiff, Appellant,**

v.

**EASTERN AIRLINES, INC.,
Defendant, Appellee.**

No. 88–1663.

United States Court of Appeals,
First Circuit.

Heard Nov. 3, 1988.

Decided April 25, 1990.

---

Enrique Alcaraz–Micheli, with whom José M. Muñoz–Silva, Mayaguez, P.R., was on brief, for plaintiff, appellant.

Francisco Ponsa–Flores, with whom Francisco Ponsa–Feliu, Edda Ponsa–Flores and Lawrence E. Duffy, San Juan, P.R., were on brief, for defendant, appellee.

* Of the Fifth Circuit, sitting by designation.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

We certified two questions to the Supreme Court of Puerto Rico which are reproduced at *Ocasio–Juarbe v. Eastern Airlines,* 867 F.2d 711 (1st Cir.1989). The relevant facts to this opinion are also contained in said Certification. Thereafter, the opinion of the Supreme Court of Puerto Rico in response to our query was issued on February 5, 1990. An official English language translation of the same is attached as an exhibit to this opinion.

Considering that the Supreme Court of Puerto Rico has ruled that the action against appellee is one sounding in tort, to which is applicable the one-year statute of limitations contained in Article 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298, it is evident that the present diversity suit is time barred and is thus subject to dismissal for said reason.

The opinion of the district court, 685 F.Supp. 25, is thus *affirmed.*

EXHIBIT

(Translation)

IN THE SUPREME COURT OF
PUERTO RICO

No. CT–89–95

Mérida Ocasio Juarbe, Plaintiff
and appellant

v.

Eastern Airlines, Inc., Defendant
and appellee

MR. JUSTICE HERNANDEZ DENTON delivered the opinion of the Court.

San Juan, Puerto Rico, February 5, 1990

The United States Court of Appeals for the First Circuit—pursuant to the certification procedure established in Rule 53.1(c) of Civil Procedure, 32 L.P.R.A.App. III, and in Rule 27 of the Rules of this Court, 4 L.P.R.

A.App. I–A—has asked us to clarify if an air carrier's careless evacuation of passengers during an emergency landing constitutes a breach of contract or a negligent act or omission which may give rise to an action in tort. Should we determine that the action sounds in contract, we must decide which is the applicable statute of limitations.

After thoroughly analyzing the applicable doctrine and case law, we conclude that the facts averred in the complaint may give rise to an action in tort under Civil Code art. 1802, 31 L.P.R.A. § 5141. This action has a one-year statute of limitations under art. 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298.

## I

In July 1985, Mérida Ocasio Juarbe purchased a San Juan–California round-trip ticket from Eastern Airlines. On August 4, 1985, during the return flight (Miami–San Juan), Eastern in Puerto Rico received a telephone call informing that a bomb had been placed on board the aircraft.

In view of the situation, the plane was forced to make an emergency landing on Caicos Island in the Bahamas. Evacuation procedures using the plane's emergency chutes began immediately after landing.

Plaintiff alleges that Eastern's employees did not exercise due care during the evacuation procedure and that, as a result of this she sustained injuries when other passengers piled up on top of her at the end of the emergency chute.

On August 20, 1987, two years after the incident,[1] Ocasio Juarbe brought suit against Eastern Airlines in the United States District Court for the District of Puerto Rico.

The Defendant moved for dismissal alleging that the action was time-barred under Puerto Rico's one-year statute of limitations for tort actions. Plaintiff ar-

gued, on the other hand, that her action did not arise in tort, but in contract.[2]

The United States District Court agreed with the defendant and dismissed the action. On appeal, the United States Court of Appeals for the First Circuit timely certified the following questions:

1. For purposes of determining the applicable statute of limitations, do the facts, as averred in the complaint, give rise to an action in tort or in contract?

2. If the action is in contract, is the applicable statute of limitations the general 15–year period provided by article 1864 of the Civil Code of Puerto Rico or the one-year period provided for tort actions, being the most analogous term under *Olmo* [*v. Young & Rubican of P.R., Inc.*, 110 D.P.R. 740 (1981)] and *Lozada Torres* [*v. Collazo*, 111 D.P.R. 702 (1981)]?

We shall proceed to answer the questions certified by the Court of Appeals, but will first address some aspects of the certification procedure.

## II

Once again, we are faced with a controversy requiring the interpretation of a Puerto Rican point of law which could be determinative to the outcome of the case before the Court of Appeals for the First Circuit. The certification process gives the federal court a valuable tool to obtain a definitive interpretation of Puerto Rican law in an area in which there are no clear-cut precedents and where the matter at hand could determine the final outcome of the case. *Medina & Medina v. Country Pride*, 122 D.P.R. —— (1988); *Pan Ame. Comp. Corp. v. Data Gen. Corp.* 112 D.P.R. 780 (1982).

Certification contributes to improve the relations between state and federal courts. To attain this objective, federal courts must make wise use of this tool to clarify state law questions when there are no clear-cut precedents to settle a controversy pending in that forum. J.B. Corr and I.P. Robbins,

---

1. No extrajudicial tolling of the statute of limitations was alleged or arose of record.

2. The contract to which plaintiff makes reference is the airline ticket.

*Interjurisdictional Certification and Choice of Law,* 41 Vand.L.Rev. 413 (1988).

Aware of the historic and legal peculiarities of Puerto Rican law, the United States Court of Appeals for the First Circuit has made adequate use of the certification procedure, thus showing an exemplary sensibility and respect towards our system of law. See, S. Breyer, *The Relationship Between the Federal Courts and the Puerto Rico Legal System,* 53 Rev.Jur.U.P.R. 307 (1984).

The case before our consideration meets all the requirements of Rule 27 of this Court, and our answer shall give the federal court a deeper insight into our legal institutions.

In the first place, the controversy is limited to the nature of the action and its period of limitations under our system of law. By determining the type of action and its period of limitations we determine the outcome of the case. There are no clear-cut precedents in our case law to settle this controversy. Finally, the facts are clear and incontrovertible, and in view of the nature of the question certified there is no possibility that our opinion will become an advisory opinion, or the controversy academic. *Pan Ame. Comp. Corp. v. Data General Corp., supra,* at 788.

### III

To determine if the facts give rise to an action in tort or in contract, we must examine the nature of the obligations assumed by the airline and the passengers.

A passenger who buys an airplane ticket enters into a contractual relationship with the airline. This transportation contract imposes certain obligations on both the airline and the passenger. The airline's main obligation is to carry the passenger and his luggage to his chosen point of destination. The passenger's obligation is to pay the fare established for such service. These,

however, are not the only obligations arising from the contract. Civil Code art. 1210 provides that the parties to a contract are bound "not only with regard to the fulfilment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law." 31 L.P.R.A. § 3375.

In the United States and in Puerto Rico, airline operations are governed by the Federal Aviation Program, 49 U.S.C. § 1301 *et seq.*[3] The rates, rules and regulations adopted under this legislation are part of the air transportation contracts of passengers between Puerto Rico and the United States. *Firpi v. Pan American World Airways, Inc.,* 89 P.R.R. 194, 203 (1963). In this sense, air transportation contracts are regulated by a special law. See, II–1 J. Puig Brutau, *Fundamentos de Derecho Civil* 472, Barcelona, Ed. Bosch (rev. 2d ed. 1978).

Commercial airlines are required to have a certificate of public convenience and necessity specifying the routes to be followed and the services to be offered. If during an emergency an airline is forced to land at a point not named in its certificate, this shall not constitute a violation of its certificate. 49 U.S.C. § 1371(5).

Besides regulating the routes to be serviced, the regulatory agency requires that the airlines give adequate maintenance to their equipment, adopt appropriate safety standards and conduct safe aircraft operations. See, 49 U.S.C. §§ 1421–1426; 14 C.F.R. §§ 21–137; *Nader v. Federal Aviation Administration,* 440 F.2d 292 (1971); *Landy v. Federal Aviation Administration,* 635 F.2d 143 (1980); *Gibbs v. United States,* 251 F.Supp. 391 (1965).

Therefore, the airline's obligation to operate safely arises from the federal regulations rather than from the contractual obligations. The duty of the airline and its employees to conduct safe operations may

---

**3.** Spain has recognized the existence of a transportation contract between the passenger and the airline. However, the liability for the hazards of air navigation is governed by special laws and international treaties which limit the amount to be paid for damages and the term within which to bring the action. See J. Santos Briz, *La responsabilidad civil: Derecho sustantivo y Derecho procesal* 583–589, Madrid, Ed. Montecorvo (rev. 3d ed. 1981).

be invoked by the passengers who purchased their tickets and thus entered into a contract with the airline, as well as by those who traveled free.

Tort actions arise when there has been a violation of a right or an omission of a duty required by law. Under art. 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, the person who, through fault or negligence, causes damage to another shall be obliged to repair the damage so done. This general duty of doing what is correct in our relations with our fellow citizens is an indispensable requirement for organized social living. *Ramos v. Carlo*, 85 P.R.R. 337, 343 (1962). The standard of conduct for determining whether or not an act is negligent, is defined by the mythical figure of the reasonable and prudent man. *Hernández v. The Capital*, 81 P.R.R. 998, 1005 (1960). Under these standards, "[t]he fault or negligence is the failure to exercise due care, which also consists essentially in not anticipating and foreseeing the rational consequences of an act, or of the failure to perform an act which a prudent person could have foreseen under the same circumstances." *Ramos v. Carlo, supra*, at 342.

Eastern Airlines' conduct must be measured against this standard of conduct. Even in an emergency situation like the one at bar, the conduct must be reasonable under the emergency circumstances. *Banchs v. Colón*, 89 P.R.R. 471, 476 (1963).

On the other hand, "[a]ctions arising in contract seek fulfilment of promises agreed to by the contracting parties. Said actions arise from the obligations freely agreed to by the contracting parties and stem from a voluntary act or omission which results in the breach of a previously constituted obligation." *Santiago v. A.C.A.A.*, 119 D.P.R. —— (1987).

## IV

In the case under our consideration, there was a law-imposed duty to exercise due care during the emergency. The contract between the parties was not violated because Ocasio Júarbe arrived at her destination as agreed. An emergency landing made in compliance with the airline's duty to preserve the safety of its passengers does not constitute breach of a contractual obligation. However, the manner in which the airline conducted the emergency evacuation may give rise to an action in tort if the airline somehow failed to comply with the general due care obligation arising from Civil Code art. 1802. Thus, the action here is one in tort, and as such is subject to a one-year statute of limitations.[4]

In support of the breach-of-contract position held by the opposite party, plaintiff cites *Arroyo v. Caldas*, 68 P.R.R. 639 (1948). This case, however, is clearly distinguishable from the one at bar. In *Arroyo* there was a breach of contract because the object of the lease was not in good condition and part of the lessor's *main obligation* was "[t]o make ... the necessary repairs in order to preserve it in condition to serve for the purpose to which it was destined." Civil Code art. 1444, 31 L.P.R.A. § 4051. Since the thing which was the object of the contract was not in the best conditions to serve for the purpose for which it had been leased, the main obligation—the very essence of the contract—was breached.

The other precedents cited by plaintiff— *Rosario Quiñones v. Municipality of Ponce*, 92 P.R.R. 571 (1965); *Camacho v. Catholic Church*, 72 P.R.R. 332 (1951); *Maldonado et al. v. Municipality of Ponce*, 39 P.R.R. 226 (1929)—are not applicable to the case at bar. These cases deal with the sale of already sold burial plots and involve clear and direct violations of a prior contract of lease or sale. In *Maldonado et al. v. Municipality of Ponce, supra*, at 228, where a burial plot which had already been sold was desecrated because it was going to be sold again, we stated that "[t]he gravamen of the action was the violation by defendant of the sepulchre pre-

---

4. See also, *Fraticelli v. St. Paul Fire and Marine Insurance Co.*, 375 F.2d 186 (1st Cir.,1967); *Núñez v. Horn*, 336 F.Supp. 447 (P.R.1970); *Lex-ington Insurance Co. v. Abarca Warehouses Corp.*, 476 F.2d 44 (1st Cir., 1973).

viously sold and delivered to plaintiffs. The opening of the vault and the removal of remains therefrom by the municipality *was not only a tort* but also a breach of the contract of sale." (Underscore supplied.)

In view of the fact that the present action sounds in tort, and as such is subject to a one-year statute of limitations, there is no need to answer the second question.

Judgment will be rendered accordingly.

## IN THE SUPREME COURT OF PUERTO RICO

### No. CT–89–95

Mérida Ocasio Juarbe, Plaintiff and appellant

v.

Eastern Airlines, Inc., Defendant and appellee

### JUDGMENT

San Juan, Puerto Rico, February 5, 1990

For the reasons set forth in the foregoing opinion, which is made a part of these presents, we hereby certify that an air carrier's careless evacuation of passengers during an emergency landing may give rise to an action in tort under art. 1802 of the Civil Code of Puerto Rico, 31 L.P. R.A. § 5141, and that this action has a one-year statute of limitations under art. 1868 of the Civil Code of Puerto Rico.

It was so decreed and ordered by the Court and certified by the Chief Clerk. Mr. Chief Justice Pons Núñez and Mr. Justice Negrón García concur in the result without a written opinion. Mr. Justice Rebollo López dissents because he believes that an airline's carelessness towards its passengers during the trip agreed to in the transportation contract—which conduct is the direct cause of the injuries sustained by the passengers—, constitutes a breach of the transportation contract inasmuch as said contract necessarily contains a general safety obligation. Consequently, the one-year statute of limitations prescribed by our code of laws for tort actions does *not* apply to the action filed by the plaintiff.

(Sgd.) Francisco R. Agrait Lladó
Chief Clerk

### CHIEF CLERK'S CERTIFICATE

I, Francisco R. Agrait–Lladó, Chief Clerk of the Supreme Court of Puerto Rico, DO HEREBY CERTIFY:

That the annexed document is a photocopy of the official translation from Spanish into English (said translation having been made under the authority of Act No. 87 of May 31, 1972) of the opinion rendered by this Court on February 5, 1990, in Case No. CT–89–95, *Mérida Ocasio Juarbe v. Eastern Airlines, Inc.*, the original of which in Spanish is under my custody in this Office.

IN WITNESS WHEREOF, at the request of the interested party, and upon payment of the corresponding fees, I have hereunto set my hand and affixed the seal of this Court in San Juan, Puerto Rico, this 16th day of March 1990.

(s) Francisco R. Agrait–Lladó
Francisco R. Agrait–Lladó
Chief Clerk
Supreme Court of Puerto Rico