137 P.3d 381

**Helen Kahihilani GOMEZ,
Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC.,
Defendant–Appellee.**

**No. 26914.**

Intermediate Court of Appeals of Hawai'i.

May 23, 2006.

Craig K. Furusho, Honolulu, on the briefs, for Plaintiff–Appellant.

Wayne M. Sakai and Michiro Iwanaga, Honolulu, (Sakai Iwanaga Sutton Law Group) on the briefs, for Defendant–Appellee.

LIM, Acting C.J., FOLEY and NAKAMURA, JJ.

Opinion of the Court by LIM, J.

Helen Kahihilani Gomez (Plaintiff or Gomez) appeals the December 27, 2004 judgment that the Circuit Court of the First Circuit (circuit court)[1] filed against her in favor of American Airlines, Inc. (Defendant). Plaintiff was claiming compensation for accidental injury she sustained while a passenger on Defendant's plane.

The judgment embodied an order for summary judgment entered because Plaintiff's complaint was barred by the two-year, personal injury statute of limitations. Plaintiff

contends the circuit court was wrong because she pled her claim in contract, and thus timely under the six-year, assumpsit statute of limitations. We disagree, and affirm.

## I. Background.

On January 8, 2003, Plaintiff filed a complaint against Defendant in the District Court of the First Circuit (district court). The complaint was contained in a pre-printed district court form entitled, "Complaint (Assumpsit–Money Owed)." It read: "On or about May 23, 2000, Defendant(s) owed money to Plaintiff(s) as follows: Nineteen Thousand Dollars for compensatory damages for medical bills, lost wages and general damages for head injuries received on American Airlines flight No. 31." (Underlining and enumeration omitted; format modified.) Plaintiff did not mark the check-off box next to the pre-printed statement, "A copy of the written instrument on which the debt is based is attached as Exhibit 1."

Upon Defendant's demand for a jury trial, the cause was committed to the circuit court. In her pretrial statement, Plaintiff alleged, "The airlines [ (sic) ] is a common carrier and held to the highest standard of care. Also, there is a breach of contract in failing to provide safe passage for Mrs. GOMEZ."

On August 16, 2004, Defendant filed a motion for summary judgment (MSJ), arguing that Plaintiff's complaint was barred by the two-year statute of limitations contained in Hawaii Revised Statutes (HRS) § 657–7 (1993), which provides, in pertinent part: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after[.]"

The MSJ revealed the following undisputed facts. On May 23, 2000, Plaintiff, the mother of an employee of Defendant, was flying on a free pass from Los Angeles to Honolulu. She was seated awaiting takeoff when someone opened an overhead bin and a box fell on her head and neck. Plaintiff felt dizzy and her head and neck hurt, so she and

---

1. The Honorable Victoria S. Marks presided.

her son debarked to seek medical attention at Centinela Hospital in Los Angeles.

On September 14, 2004, Plaintiff filed her memorandum in opposition to the MSJ, claiming that her complaint sounded in "breach of contract or breach of warranty" and, as such, was governed by the six-year statute of limitations of HRS § 657–1(1) (1993), which reads, in relevant part: "The following actions shall be commenced within six years next after the cause of action accrued, and not after: Actions for the recovery of any debt founded upon any contract, obligation, or liability[.]" (Enumeration omitted; format modified.)

After a September 22, 2004 hearing on the MSJ, the circuit court filed its September 29, 2004 order for summary judgment. Plaintiff filed her notice of this appeal on October 28, 2004. The circuit court filed its final judgment on December 27, 2004.

## II. Discussion.

The form of the pleading notwithstanding, it is both legally and intuitively obvious that Plaintiff's personal injury suit is governed and barred by the two-year, personal injury statute of limitations imposed by HRS § 657–7. Plainly, HRS § 657–7 applies the limitation to "[a]ctions for the recovery of compensation for damage or injury to persons or property[.]" And in a medical malpractice action, the supreme court answered the question, "whether plaintiff can escape the bar of the two-year statute and attain the benefit of the six-year statute by suing ex contractu[,]" *Yoshizaki v. Hilo Hosp.*, 50 Haw. 1, 14, 427 P.2d 845, 853, *reh'g granted*, 50 Haw. 40, 429 P.2d 829, *rev'd on other grounds*, 50 Haw. 150, 433 P.2d 220 (1967), as follows: "The form of the action is inconsequential. The substance controls. . . . The question of whether or not the action is one ex contractu or ex delicto is not determinative of the question. The question is whether or not the plaintiff is suing for injuries to the person." *Id.* at 15–16, 427 P.2d at 853–54 (citations, internal quotation marks and block

quote format omitted).[2] *See also Basque v. Yuk Lin Liau*, 50 Haw. 397, 398, 441 P.2d 636, 637 (1968) (the two-year statute of limitations "applies to cases of injury to property as well as to injury to persons" (footnote omitted)); *Dunlea v. Dappen*, 83 Hawai'i 28, 33, 924 P.2d 196, 201 (1996) ("damage to persons or property is governed by HRS § 657–7").

Nonetheless, Plaintiff on appeal continues to characterize her complaint as a contract or breach of warranty claim comprehended and allowed by the six-year limitations period of HRS § 657–1(1). She rests this endeavor on her interpretations of three supreme court cases, *Higa v. Mirikitani*, 55 Haw. 167, 517 P.2d 1 (1973); *Larsen v. Pacesetter Systems, Inc.*, 74 Haw. 1, 837 P.2d 1273 (1992); and *Au v. Au*, 63 Haw. 210, 626 P.2d 173 (1981).

In *Higa*, the supreme court held that the six-year limitations period of HRS § 657–1(1) applies to legal malpractice actions. *Higa*, 55 Haw. at 173, 517 P.2d at 6. Plaintiff, angling for a fruitful analogy, cites *Higa* for its observation that

> regardless of the nomenclature used by the plaintiff in a legal malpractice suit, all such actions should be governed by the same statute of limitations. This follows from the proposition that, in reality, a claim of injury resulting from the professional incompetence of an attorney is actionable under theories which are an amalgam of both tort and contract. *See generally* Prosser, *The Borderland of Tort and Contract*, in SELECTED TOPICS ON THE LAW OF TORTS 380, 423 (1954).

*Higa*, 55 Haw. at 172, 517 P.2d at 4–5. But this truism merely invokes the *Yoshizaki* caveat—"whether or not the action is one ex contractu or ex delicto is not determinative of the question[,]" *Yoshizaki*, 50 Haw. at 16, 427 P.2d at 854 (citations and block quote format omitted)—and thus begs the ultimate question of the applicable statute of limitations, which the *Higa* court, like the *Yoshizaki*

---

2. In 1973, Hawaii Revised Statutes (HRS) § 657–7.3 (1993) was enacted to provide a statute of limitations specifically applicable to medical malpractice actions. *See also Yamaguchi v.* *Queen's Med. Ctr.*, 65 Haw. 84, 87–89, 648 P.2d 689, 691–93 (1982); *Hays v. City and County of Honolulu*, 81 Hawai'i 391, 394, 917 P.2d 718, 721 (1996).

court, went on to answer by reference to the nature of the injury.

Citing *Yoshizaki* in contradistinction and holding by way of the same dialectic, the *Higa* court characterized legal malpractice actions as "hybrids of tort and contract ... which have as their gravamen injury to intangible property interests[,]" *Higa*, 55 Haw. at 173, 517 P.2d at 5 (citation omitted), involving "a *non-physical* injury to an *intangible* interest of the plaintiff[.]" *Id.* at 170, 517 P.2d at 4 (emphases in the original). As the supreme court later explained,

> HRS § 657–7 has been interpreted to apply to "claims for damages resulting from *physical* injury to persons or *physical* injury to tangible interests in property." *Higa v. Mirikitani*, 55 Haw. 167, 169–70 & n. 5, 517 P.2d 1, 3 & n. 5 (1973). In that case, we found that legal malpractice involved nonphysical injury to an intangible interest of plaintiff, thus HRS § 657–1(1) applied. *Id.*

*Au*, 63 Haw. at 216, 626 P.2d at 178 (emphases in the original; format modified). Thus understood, *Higa* does not support Plaintiff's position; rather, it supports the circuit court's summary judgment.

Persisting, Plaintiff points out a *Higa* notation:

> While the relationship between a doctor and patient is also "consensual," claims for medical malpractice nearly always involve bodily injury resulting from negligent treatment. As such, they are akin to the cases cited at note 5 *supra*, concerning physical injury to tangible interests in person or property, and hence are more properly treated under HRS § 657–7. *Yoshizaki v. Hilo Hosp.*, 50 Haw. 1, 427 P.2d 845 (1967). This is not to say, however, that a plaintiff could never plead a case of breach of contract by his doctor which would be subject to the six-year limitations period of HRS § 657–1(1); where it is alleged that a doctor expressly promised to treat the plaintiff so as to produce results in excess of the common-law tort duty of care, a contractual theory would be proper. *See* Lillich, *The Malpractice Statute of Limitations in New York and Other Jurisdictions*, 47 CORNELL L.Q. 339, 349 (1962).

*Higa*, 55 Haw. at 172 n. 9, 517 P.2d at 5 n. 9. We observe, also, that the *Yoshizaki* court contemplated the possibility that a medical malpractice cause of action may seek contract damages, and thus be subject to the six-year, contract statute of limitations:

> So far as appears, only the cost of the allegedly faulty diagnosis and the cost of the ensuing X-ray treatments can be said to be damages based on the contract count, not dependent upon the fact of a personal injury, and coming within the provisions of the six-year statute[.]

*Yoshizaki*, 50 Haw. at 17, 427 P.2d at 854. These two exceptions we grant, but the record of the case before us in no wise involves the exceptional circumstances referenced in the *Higa* note and the *Yoshizaki* proviso. Plaintiff's citations to *Higa* here remain, ultimately, in vain.

Next, Plaintiff reaches for *Larsen*. She notes that in *Larsen*, the supreme court held that the trial court did not err in refusing to apply the two-year limitations period of HRS § 657–7 to the implied warranty of merchantability claim brought by Larsen for personal injury and by his wife for damages appurtenant, on account of a defective pacemaker. *Larsen*, 74 Haw. at 11–12, 837 P.2d at 1279–80. *Larsen* appears, however, inapposite here. Though clearly one for personal injury, the Larsens' claim was brought against the manufacturer of the pacemaker, Pacesetter Systems, Inc. (Pacesetter), and not against his physicians. The supreme court confirmed that this was the distinguishing factor:

> Pacesetter relies on [*Yoshizaki* ], as well as [*Higa* ], as cases in which this court applied the two year [ (sic) ] personal injury statute of limitations. However, both cases may be distinguished as involving contracts for services rather than goods. We conclude that the trial court was correct when it applied the [four-year, Uniform Commercial Code (UCC) ] statute of limitations under HRS § 490:2–725 [ (1985) ] to plaintiff's claim of breach of implied warranty.

*Larsen*, 74 Haw. at 11–12, 837 P.2d at 1280.

Nevertheless, Plaintiff maintains her reliance on *Larsen*:

In the instant case, Plaintiff GOMEZ is not arguing that there is a UCC provision that is applicable. At the same time, in *Larsen*, as in our case, a single set of facts has given rise to various claims sounding in tort and contract. It is not unusual for the Hawaii Supreme Court to apply the more liberal Statute of Limitations provision thereby favoring keeping alive the plaintiff's claims. This especially would be so in the context of a summary judgment proceeding.

Opening Brief at 7–8. Such reliance is purely aspirational, and not authoritative.

Finally, Plaintiff cites *Au*, but merely for the following propositions there stated:

Different causes of action arising from a single transaction may be plead together. However, where two or more causes of action arise from a single transaction, different statute of limitations are applicable to the separate claims.

The proper standard to determine the relevant limitations period is the nature of the claim or right, not the form of the pleading. The nature of the right or claim is determined from the allegations contained in the pleadings.

*Au*, 63 Haw. at 214, 626 P.2d at 177 (citations omitted). How these axioms from *Au*, a case in which the plaintiff pled a five-count complaint, *id.* at 211–12, 626 P.2d at 176, have resonance to the single-count complaint here is not clear beyond the obvious—that multiple causes of action may invoke different statutes of limitations. *Au* in no way affects our conclusion that Plaintiff's lawsuit for injury to her person while a passenger on Defendant's plane was governed and barred by the personal injury statute of limitations embodied in HRS § 657–7.[3]

### III. Conclusion.

Plaintiff's arguments on appeal being unavailing, we affirm the December 27, 2004 judgment of the circuit court.

---

**3.** Other jurisdictions agree. *See, e.g., Marsh v. Southern Airways, Inc.,* 316 F.2d 91, 93 (5th Cir.1963) (deciding that the personal injury statute of limitations applied, and holding that "where, in the performance of the contract, the carrier negligently caused personal injury or property damage to a passenger, the remedy is in tort, for it is not a breach of contract, express or implied"); *Ocasio-Juarbe v. Eastern Airlines, Inc.,* 902 F.2d 117, 118 (1st Cir.1990) (same).