**In re CARIB–INN OF SAN JUAN CORP., Debtor.**

**Bankruptcy No. B81–00273 (ANV).**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 9, 1990.

---

Charles A. Cuprill–Hernandez, Ponce, Puerto Rico, for trustee.

Luis Padilla, Hato Rey, Puerto Rico, for Horizons Hotel Corp.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,*
Bankruptcy Judge.

Heard on March 27, 1990 on the Trustee's Objection to the Priority Administrative Claim of Horizons Hotel Corporation ("Horizons"), filed on March 15, 1990. After hearing, counsel were requested to file legal memoranda addressing two issues: (1) whether Horizon's claim is time barred, and (2) whether such claim constitutes an administrative claim pursuant to 11 U.S.C. §§ 507(a)(1) and 503(b).

Upon consideration of the oral arguments and written memoranda and legal authorities submitted, we make the following findings of fact, conclusions of law and rulings:

Horizons' claim in this bankruptcy estate originates from a complaint filed by the National Labor Relations Board ("NLRB") against Horizons on September 30, 1986. On December 21, 1987, the NLRB amended its complaint to include allegations against the then Chapter 11 Trustee, Rodriguez Estrada, for misconduct which occurred prior to the time Horizons took possession of the hotel from the debtor estate, and

* For the District of Rhode Island, sitting by designation.

prior to Horizon's hiring Estrada as its general manager.

Since December 1987, Horizons and the NLRB have continued to litigate this dispute[1], in a variety of forums, but without notice to, or the involvement of, the present Chapter 7 Trustee, Carlos J. Lastra Gonzalez, or the bankruptcy estate.

According to the record in this case, the first time Trustee Lastra received notice of Horizon's contingent claim was on January 4, 1990[2], when Horizon's filed an objection to the Trustee's Final Report and Account. This objection was prompted by Lastra's failure to include Horizon's contingent administrative claim in his Final Report and Account.

On January 31, 1990, we held a hearing on the Trustee's Final Report and Account, and on Horizon's objection thereto. At the urging of the Court, an agreement was reached between the parties (based upon the facts as the Trustee understood them to be at that time), wherein Horizon's contingent claim was valued at $1,000,000.00, for distribution purposes. Assuming $2,852,484.00 in other Chapter 7 administrative claims, the Trustee calculated Horizon's pro rata distribution to be $170,000. Soon thereafter however, the Trustee discovered that Horizons held the only Chapter 7 administrative claim, and that other claims were incurred while the case was in Chapter 11. After learning of this change in circumstances, Horizons filed a formal proof of claim on March 15, 1990, and the Trustee filed his objection thereto on March 21, 1990, alleging that: (1) Horizon's claim is time barred under Puerto Rico law, 31 L.P.R.A. §§ 5298, 5141; (2) said claim does not qualify as an administrative claim under 11 U.S.C. § 503(b); and (3) Horizons

failed to mitigate damages. A further hearing was held on March 27, 1990, on these most recent pleadings.

## STATUTE OF LIMITATIONS

We first address the Trustee's contention that Horizon's contingent claim is subject to the one year statute of limitations contained in 31 L.P.R.A. § 5298. 31 L.P.R.A. § 5298 provides that:

The following prescribe in one year:

1. Actions to recover or retain possession;

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof.

31 L.P.R.A. § 5141 provides that:

A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

The Trustee interprets the NLRB complaint as setting forth a claim against the former trustee based on his alleged misconduct or negligence in the performance of his trustee duties. Horizons maintains however, that the claim is grounded in contract, based on the Trustee's duty to deliver the premises free and clear of liens, and that the fifteen year contract statute of limitations applies. *See e.g.*, 31 L.P.R.A. § 5294.

We agree with the position of the Trustee. Although a contractual relationship may have existed between Horizons and

---

1. For example, in February, 1988, Horizons filed a motion for summary judgment before the NLRB to dismiss the charges against it. Finding material facts in dispute, the NLRB denied this motion. Thereafter, on November 29, 1988, Horizons filed an adversary proceeding in this Court seeking to dismiss the NLRB complaint, which action was brought solely against the NLRB, and which did not name the Trustee or the estate as a party. We entered an order recommending dismissal of the adversary proceeding for lack of jurisdiction, which recommendation was endorsed by the District

Court. Horizon's appealed this judgment to the First Circuit Court of Appeals, where it is presently pending. Meanwhile, the evidentiary hearing before the NLRB is still proceeding.

2. Although both parties, in their memoranda, state that Horizon's objection to the Trustee's final report was filed on December 5, 1989, the pleading submitted to the Court is dated January 4, 1990, and date stamped as received by the Bankruptcy Court on January 5, 1990.

Estrada regarding the Trustee's duty to deliver the premises free and clear of liens, that obligation did not transform the tortious nature of the actions presently being alleged against the former Trustee into a contract cause of action. We find the First Circuit case of *Lexington Insurance Company v. Abarca Warehouses Corporation*, 476 F.2d 44 (1st Cir.1973), cited by the Trustee, to be dispositive on this point. "[I]n Puerto Rico it is well settled that when one party to a contract is injured through the fault or negligence of the other party, the aggrieved individual's right of recovery ordinarily lies in tort in spite of the pre-existing contractual relationship." *Id.* at 46. "Although ordinarily the one year tort limitation does not apply to contract actions, *Ruis et al. v. Mercardo & Sons*, 38 P.R.R. 525 (1928), in Puerto Rico there is a well recognized exception to this general rule where the damages arise out of the commission of a tort. *Buso v. Martinez*, 18 P.R.R. 994 (1912)." *Id.* at 46–47 (quoting *Fraticelli v. St. Paul Fire and Marine Insurance Co.*, 375 F.2d 186, 188–189 (1st Cir.1967)). Accordingly, based on our conclusion that the conduct alleged against the former Trustee sounds primarily in tort, we hold that the one year tort statute of limitations applies.

## TOLLING OF THE STATUTE OF LIMITATIONS

■ Horizons also contends that even if the one year statute of limitations applies, the period was tolled by the filing of the complaints before the NLRB and the adversary proceeding in this Court. We find no merit in this argument. Neither the former Trustee, the present Trustee or the bankruptcy estate were ever named as parties in any of these proceedings, or given notice thereof. Horizon's contention that its motion for summary judgment in the NLRB action somehow put the Trustee on notice that a claim was being asserted against the estate, is illogical and incongruous. Although Horizons alleges that by its motion it sought to "have the Board dismiss the acts attributed to the trustee and/or include the Trustee as a third party defendant." (Reply to Opposition to Priority Administrative Claim, April 11, 1990, p. 9), it failed to take any action, procedural or otherwise, to accomplish this desire. Whatever intentions or personal understanding Horizons had with respect to the potential liability of this estate and/or the Trustee, they were not communicated in a legally sufficient manner to put the debtor (and the Trustee) on notice that a claim was being asserted against it. Accordingly, we conclude that the statute of limitations has not been tolled.

## WAIVER

■ Finally, Horizons argues that the Trustee waived his right to contest the timeliness of this administrative claim by entering into a tentative stipulation on January 31, 1990, valuing the claim at $1,000,000.00. After reviewing the transcript of the January 31, 1990 hearing, we disagree. The subject of the January hearing was the Trustee's Final Report and Account, wherein the Trustee was seeking court approval to distribute funds held on behalf of the creditors of the estate, and Horizon's objection thereto. It was at this hearing that the Trustee first learned of Horizon's assertion of a contingent claim, and that such a claim, if liquidated and allowed, might affect the pro rata distribution being sought. As an accommodation to the Court, and in order to allow a partial distribution to creditors, pending Horizon's anticipated two to three year litigation with the NLRB, the Trustee agreed to escrow a pro rata share for Horizon's contingent claim. At no time did the Trustee acknowledge this claim as being a valid claim of the estate. On the contrary, we find that the Trustee specifically reserved all rights and defenses with respect to objecting to this claim at some future date. (*See e.g.*, TR at pp. 6–9, 14–15).

Accordingly, based on these findings and conclusions, we rule that: (1) Horizon's failure to name the Trustee as a party in any proceeding; (2) its failure to give notice of its contingent claim; and (3) its failure to file its administrative claim within the one year statute of limitations, bars its right to seek allowance of an adminis-

trative claim in this bankruptcy estate[3]. Therefore, it is ORDERED that the priority administrative claim of Horizons filed on March 15, 1990 is DISALLOWED[4].

Enter Judgment accordingly.

---

3. For the purpose of this decision, we find that the one year time period began to run on December 21, 1987, when the NLRB amended its complaint to include allegations against the former Trustee. Therefore, Horizons had until December 21, 1988 to either implead the present Trustee in the NLRB action, to file an administrative claim in this bankruptcy case, or utilize some other procedural method to notify the Trustee that a claim was being made against it. However, it was not until January 4, 1990, that Horizons took any action to notify the Trustee of its possible claim, by the filing of its objection to the Trustee's final report and account. This was clearly far outside the one year statutory period.

4. Based on our finding that Horizons' claim is time barred, we do not address the Trustee's second argument that this claim falls outside the scope of § 503(b), and therefore, does not qualify as an administrative claim.