### In re CARIB–INN OF SAN JUAN CORP., Debtor.

### Bankruptcy No. B81–00273(ANV).

United States Bankruptcy Court, D. Puerto Rico.

July 1, 1991.

---

Charles A. Cuprill–Hernandez, Ponce, P.R., for trustee.

Richard L. Koral, Fink, Weinberger, Fredman, Berman, Lowell & Fensterheim, P.C., New York City, Luis Padilla, Hato Rey, P.R., for Horizons Hotels Corp.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.*

Heard on November 6, 1990, on the Trustee's objection to the Application of Horizons Hotels Corporation for Reconsideration of our August 9, 1990 Order disallowing Horizons' "priority administrative claim" filed on March 15, 1990.

The basis upon which Horizons' alleged claim originated is set forth in detail in our August 9, 1990 Decision and Order. Ac-

cordingly, our discussion herein is limited to a consideration of the issues raised in Horizons' instant Application, and the Trustee's opposition.

This most recent[1] of Horizons' pleadings is brought pursuant to Bankruptcy Rule 3008,[2] and § 502(j) of the Code. Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

Initially, the Trustee objects on the ground that the requisite cause has not been shown for reconsideration, and that Horizons has not "explicitly or implicitly asserted fraud, newly discovered evidence, mistake, inexcusable [sic] neglect, or any of the other matters pertinent to a motion for relief from a judgment." Trustee's Answer to Application for Order Reviewing Disallowance of Claim Pursuant to Bankruptcy Rule 3008, *In re Carib–Inn of San Juan Corp.*, BK No. B81–00273(ANV) at 18 (November 2, 1990) (Trustee's Answer). The Trustee also argues that Horizons is improperly utilizing Bankruptcy Rule 3008 again to "bring the same issue before the consideration of the Court" as a result of its failure to perfect an appeal of the August 9, 1990 Order. Trustee's Answer at 17. We agree completely with the Trustee, and adopt his argument in its entirety. The instant motion is nothing more than another poorly veiled attempt by Horizons to circumvent the expiration of the appeal period, and the motion for reconsideration is denied for that reason.

However, in light of Horizons' relentless litigiousness, and notwithstanding our belief in the correctness of the findings and conclusions made in our original Order, to avoid the delay that would be involved in the event of a remand requiring this Court

* Of the District of Rhode Island, sitting by designation.

1. Horizons failed to timely file an appeal of our August 9, 1990 Order, and its belated request for an extension of time to do so was denied on September 14, 1990. A "Modified Motion for Extension of Time to File an Appeal" was also denied on September 24, 1990, on the basis of mootness.

2. Bankruptcy Rule 3008, entitled "Reconsideration of Claims," provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

to reconsider the merits of the instant Application, we will discuss, again, our August 9, 1990 Decision and Order. We go through this exercise for (possible) appellate purposes only, and not in deference to any merit in Horizons' argument, for there is none.

The basis upon which Horizons seeks reconsideration is that in this Court's earlier ruling that the one year statute of limitations for filing tort actions bars Horizons' contingent claim, we erroneously determined when the one year limitation period begins. Horizons argues that "the cause of action against the estate is one of indemnity" and that "[t]he statute starts to run only upon a final adjudication of the predicate facts." Horizons' Application for Order Reviewing Disallowance of Claim Pursuant to Bankruptcy Rule 3008, *In re Carib-Inn* at 4 (October 24, 1990). Horizons relies upon *Republic Sec. Corp. v. Puerto Rico Aqueduct and Sewer Auth.*, 674 F.2d 952 (1st Cir.1982) to support its position that the prescription period does not begin to run against Horizons unless and until it is ultimately held liable for the tortious conduct of the former trustee, Rodriguez Estrada.

■ This argument is rejected for several reasons. First, the *Republic Security* case is distinguishable, in that it pertained to a restitution action based upon 31 L.P.R.A. § 3514, which establishes a cause of action *only* upon a judicial declaration that a contract is a nullity. The instant case is not based upon restitution, but upon indemnity of a tort action, and is not subject to 31 L.P.R.A. § 3514. Under Puerto Rico law, the one year statute of limitations of 31 L.P.R.A. § 5298 applies in indemnity. *Olmo v. Young & Rubicam of P.R., Inc.*, 110 P.R. Dec. 740 (1981). Clearly, Horizons' indemnity action is not governed by 31 L.P.R.A. § 3514, but instead by 31 L.P.R.A. § 5298.

In addition, *Republic Security* was decided pursuant to 31 L.P.R.A. § 5299, which provides a time frame for determining the prescription period "when there is no special provision to the contrary." 31 L.P.R.A. § 5298, applicable here, does contain a specific provision for determining when the prescription period begins to run: "from the time the aggrieved person had knowledge thereof." 31 L.P.R.A. § 5298(2).

In our prior Decision, we charged Horizons with knowledge of its contingent liability and correlative right of indemnity against the Trustee, as of December 21, 1987 when the NLRB amended its complaint to include allegations against the former Trustee. We held then, and reiterate here, that Horizons had both actual and constructive notice, as of December 21, 1987, of its exposure to possible liability, and that Horizons acquired at that time contingent derivative rights against the estate.[3] Accordingly, the holding in *Republic Security* is not germane in these circumstances. Even if *Republic Security* were applicable, however, it might well be considered an abuse of discretion to invoke its holding in a bankruptcy context, with the effect that distribution to creditors would be held up indefinitely, pending the final outcome of noncore litigation which could last for years,—a result in direct violation of one of the primary missions of bankruptcy administration.

■ Also regarding the issue of delay, during oral argument we questioned, sua sponte, whether § 502(c), which provides for estimation of claims, would not require that contingent claims such as that asserted by Horizons be filed within the statutorily defined time period. Horizons did not adequately respond to our query, but based upon our own reading of § 502(c),[4] we hold

---

3. *See In re Carib-Inn of San Juan Corp.*, 117 B.R. 40, 44 n. 3 (Bankr.D.P.R.1990).

4. The legislative history to § 502(c) evidences the Congressional intent that the assertion of unliquidated or contingent claims should not delay the distribution of assets indefinitely. "Subsection (c) requires the estimation of any claim liquidation of which would unduly delay the closing of the estate, such as a contingent claim, or any claim for which applicable law provides only an equitable remedy, such as specific performance. This subsection requires that all claims against the debtor be converted into dollar amounts." H.R.Rep. No. 595, 95th Cong., 1st Sess. 354 (1977); S.Rep. No. 989, 95th

that Horizons was required, at the very least, to file a motion to estimate its claim within one year from December 31, 1987. It has not done so, and this is yet another fatal mistake on Horizons' part.

Based upon all of the foregoing, it is ORDERED that Horizons' Application for Reconsideration is DENIED, with prejudice.

■ We also hold that Horizons' hyperactivity and relentless filings and re-filings in this Court constitute abusive and frivolous conduct. *See In re Geller*, 96 B.R. 564 (Bankr.E.D.Pa.1989); *In re Bono*, 70 B.R. 339 (Bankr.E.D.N.Y.1987); *In re Kinney*, 51 B.R. 840 (Bankr.C.D.Cal.1985). *See also Matter of Newport Harbor Assoc.*, 589 F.2d 20, 24 (1st Cir.1978); Bankruptcy Rule 9011(a). Because of the excesses in which Horizons has engaged in this regard, we impose sanctions in an amount equal to interest, at 12%, on the amount of money held up and not distributed to creditors as a result of Horizons' above-described misconduct, plus the reasonable counsel fees necessary to oppose this motion. The period during which interest should be paid is October 24, 1990, the date of filing of the instant motion, through February 4, 1991, which is 90 days from the date the matter was taken under advisement. Any efforts by Horizons to re-hash these issues further will be dealt with by the imposition of additional sanctions.

Enter Judgment consistent with this opinion.

Cong., 2d Sess. 65 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6310, 5851.